401 So.2d 1306 (1981)
THE FLORIDA BAR, Complainant,
v.
James David STILLMAN, Respondent.
No. 58352.
Supreme Court of Florida.
June 4, 1981.
Rehearing Denied September 4, 1981.
Donald A. Smith, Jr., Asst. Staff Counsel, Tampa, and Scott K. Tozian, Bar Counsel, Miami, for complainant.
James D. Stillman, in pro. per.
PER CURIAM.
This attorney-discipline proceeding is before the Court upon the complaint of The Florida Bar. The cause was tried before a referee, who has made findings of fact underlying a grand larceny conviction and recommended disbarment. The respondent has petitioned for review.[1] We agree with the report of the referee.
The record reflects that in the summer of 1976, respondent befriended Robert Fenlon when they were both attending group therapy sessions sponsored by the mental health association in Clearwater. On August 1, 1976, Fenlon was injured in an automobile accident. Respondent undertook to help Fenlon in pursuing his claims against an insurance company. In due course the insurer sent two checks, payable to Fenlon and to respondent as his attorney. Respondent took possession of the proceeds of one of the checks and agreed to apply the funds to the payment of Fenlon's medical bills. Respondent appropriated the money to his own use, intending to later make restitution and pay the bills without harm to his client. On May 17, 1977, respondent misrepresented the facts to a Florida Bar grievance committee about this matter, because he still thought he could get his financial affairs in order and carry out his responsibility to pay the medical bills.
Based on this conversion of funds, respondent was charged with grand larceny in Pinellas County in 1977. He pled nolo contendere, was adjudicated guilty, and was sentenced to one year in prison. State v. Stillman, No. 77-03107 (Fla. 6th Cir.Ct. 1977).
The referee made findings of fact and recommendations based on the two counts of The Florida Bar's complaint. Count one *1307 of the complaint recited respondent's conviction in Pinellas County for grand larceny and asserted that in being convicted for grand larceny, respondent violated the Florida Bar Integration Rule, article XI, rule 11.02(2), (3)(a), and (3)(b) and the Code of Professional Responsibility, Disciplinary Rules 1-102(A)(3), (4), and (6) and 7-102(A)(8).
Count two of the complaint alleged the facts underlying the grand larceny conviction, and asserted that by appropriating the client's money to his own use, respondent violated the Integration Rule, article XI, rule 11.02(4) and (4)(a) and the Code, Disciplinary Rules 1-102(A)(3), (4), and (6) and 9-102(A), (B)(3), and (B)(4).
The referee's report includes not only findings regarding the conduct charged by the Bar, but also other matters reflecting upon respondent's integrity. In 1975, respondent pled nolo contendere in Dade County to two counts of forgery and one count of grand larceny. The circuit court withheld adjudication and placed respondent on probation. State v. Stillman, No. 75-1777 (Fla. 11th Cir.Ct. 1975).[2] Moreover, at trial before the referee, respondent testified that Fenlon signed what respondent claimed to be a receipt acknowledging payment of the funds owed Fenlon by respondent. Fenlon denied signing the receipt. The referee submitted the document to a handwriting examiner, along with exemplars of Fenlon's signature. The examiner concluded that it was not signed by Fenlon but was a forgery. The referee also concluded that Fenlon had not signed the receipt, despite respondent's testimony to the contrary.
The referee recommended that respondent be disbarred.
It was proper for the referee, in making his report, to include information not charged in The Florida Bar's complaint. Evidence of unethical conduct, not squarely within the scope of the Bar's accusations, is admissible, and such unethical conduct, if established by clear and convincing evidence, should be reported because it is relevant to the question of the respondent's fitness to practice law and thus relevant to the discipline to be imposed.
Respondent argues that the referee failed to take into consideration statements from respondent's supervisors evidencing rehabilitated conduct. This argument ignores the fact that respondent has not had any fiduciary responsibilities as an attorney since at least December 10, 1977, when he was suspended from practice by order of this Court. Nor, apparently, has he been subject to the types of personal pressures he was suffering when he converted the funds of others on the two occasions leading to his convictions. Despite respondent's recent performance as a nonlawyer employee of the Department of Health and Rehabilitative Services, we must agree with the referee that the record does not give us confidence that respondent would live up to his fiduciary obligations if he were placed in the same desperate economic conditions as existed in 1975 and later in 1977 and if he had access to funds of another.
The referee's findings of fact, which are entitled to the same presumption of correctness as the judgment of a trier of fact in a civil proceeding, Fla.Bar Integration Rule, article XI, rule 11.06(9)(a)(1), concluding that respondent misappropriated funds entrusted to him by a client and was convicted of grand larceny based on that misappropriation, are approved. The referee's conclusions that this dishonesty violated various provisions of the Integration Rule and the Code of Professional Responsibility are also approved.
Finally, the referee's recommended discipline of disbarment is approved, and respondent, *1308 James David Stillman, is hereby disbarred, effective immediately. Execution is directed to issue for the costs of these proceedings against the respondent in the amount of $1,027.83.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I agree that respondent's misconduct has been serious but I dissent from the imposition of the ultimate discipline of disbarment. The reasons I would stop short of permanent deprivation of professional livelihood in this case are that the respondent was in a state of severe economic desperation at the time of his wrongdoing and that he has demonstrated substantial rehabilitation. I would suspend him from the practice of law for two years and allow him to prove rehabilitation after the suspension is served.
Respondent has been under suspension since his conviction in November of 1977. He served seven months in prison. Since his release from prison, he has been employed by the State of Florida, Department of Health and Rehabilitative services in a number of capacities, including that of public assistance eligibility examiner. Respondent submitted evidence showing that his work for the department has been of high quality. His superiors have spoken highly of his ability and his character. I would give him the chance to show rehabilitation and fitness to practice law after serving two more years under suspension.
NOTES
[1] We have jurisdiction. Art. V, § 15, Fla. Const.
[2] When it was brought to the attention of the circuit court in Dade County that respondent had been convicted of grand larceny in Pinellas County, the court on May 24, 1978, entered an order nunc pro tunc revoking probation, adjudicating respondent guilty of two counts of forgery and one count of grand larceny based on his earlier plea, and sentencing him to one year in prison to be served concurrently with the sentence imposed in Pinellas County. State v. Stillman, No. 75-1777 (Fla. 11th Cir.Ct. 1978).