529 So.2d 1117 (1988)
THE FLORIDA BAR, Complainant,
v.
David E. DeSERIO, Respondent.
No. 70587.
Supreme Court of Florida.
August 25, 1988.
*1118 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Bonnie L. Mahon, Asst. Staff Counsel, Tampa, for complainant.
Scott K. Tozian of Smith and Tozian, P.A., Tampa, for respondent.
PER CURIAM.
This disciplinary proceeding is before us on a complaint of The Florida Bar and the report of the referee. Respondent has filed a petition for review. We have jurisdiction under article V, section 15, of the Florida Constitution and consider the case pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar.[*]
The facts surrounding this case are as follows. Respondent was asked by a former client and business partner, Wheeler, to assist in locating investors for a Texas oil venture. Respondent introduced Wheeler to a current client and an agreement was reached involving an investment of $234,325 in the venture by the client. The current client, with respondent acting for him, then mortgaged property for $450,000. After closing costs, this left $277,767.93 deposited in respondent's trust account. The client authorized respondent to retain $2,942.93 as attorney fees and costs and instructed respondent to retain $40,500 in the trust fund as an interest reserve to pay six monthly interest payments of $6,750 each on the mortgaged property. Respondent was instructed to travel to Texas to confirm that Wheeler held a contract to buy certain oil leases and, if so, to pay Wheeler the $234,325 investment. Respondent met Wheeler in Texas but failed to confirm the oil lease contracts. Nevertheless, he gave Wheeler a check for $210,825 and received a receipt for the full $234,325. Respondent drew a check on the trust account for $22,500 to pay a mortgage debt owned by his wife. Later, he deposited a check for $20,000 from Wheeler into his trust account to pay expenses on an unrelated venture in which he and Wheeler were involved and drew $20,000 from the trust account to pay another partner in the unrelated venture. Wheeler's check was returned for insufficient funds, which left the trust account short $20,000. Consequently, respondent was unable to pay the last three interest payments, $20,250, on the property mortgaged by his client. Subsequently, the client also lost the $210,825 invested in the Texas oil venture when the deal was found to be fraudulent. At the time of these proceedings, Wheeler was serving a sentence in a federal penitentiary.
The referee found the following specific acts of wrongdoing:
1. Respondent failed to protect his client's interests by verifying the contracts for oil leases. There was no contract and, consequently, the client lost his investment of $210,825.
2. The client did not authorize respondent to retain the $23,500 which he withheld from the investment.
3. Respondent failed to pay $20,250 in interest payments on the mortgaged property.
4. Respondent failed to reimburse the client the $43,750 which respondent lost through trust account transactions.
5. Respondent failed to maintain the minimum trust accounting records required by The Florida Bar Integration Rule and The Florida Bar Bylaws.
The referee's recommendations on guilt and disciplinary measures are as follows:
III. Recommendation as to whether or not the respondent should be found guilty: I recommend that the respondent be found guilty as to Count I, of the following violations of the Code of Professional Responsibility: Integration Rule 11.02(4) (Applying client trust funds to a purpose other than that which the monies were entrusted); Integration Rule 11.02(4)(b) (Failure to preserve his bank records for a period of not less than six (6) years); The Florida Bar Bylaws Section 11.02(4)(c) 2 (Failure to maintain minimum trust accounting records); Bylaws Section 11.02(4)2E (Failure to maintain *1119 separate cash receipts and disbursement journals, including columns for receipts and disbursement journals, transfers and account balance); Bylaws Section 11.02(4)(c)2F (Failure to maintain a separate file or ledger with an individual card or page for each client or matter, showing all individual receipts, disbursements or transfers and any unexpended balance); Bylaws Section 11.02(4)(c)3A (Failure to reconcile trust account on monthly basis); Bylaws Section 11.02(4)(c)3B (Failure to maintain on an annual basis, a detailed listing identifying the balance of the unexpended trust money held for each client or matter); Bylaws Section 11.02(4)(c)3c (Failure to retain for at least six (6) years, reconciliations, comparisons and listings on trust accounts); Bylaws Section 11.02(4)(c)2B (Failure to maintain original or duplicate deposit slips in the case of currency or coin, and additional cash receipt books); Bylaws Section 11.02(4)(c)2c (Failure to maintain original cancelled checks, all of which must be numbered consecutively); DR 1-102(A)(4) (Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); DR 1-102(A)(6) (Engaging in conduct that adversely reflects on his fitness law); and DR 9-102(A) (Failure to preserve identity of funds and property of a client).
VI. Recommendation as to disciplinary measures to be applied: As to Count I, I recommend that the respondent be disbarred from the practice of law and further that he be required to pay the cost of these proceedings.
Respondent raises five points challenging the referee's report. He argues, first, that the referee relied on the uncorroborated testimony of a Bar investigator concerning what Wheeler told him. Respondent claims that the withheld $23,500 was a loan from Wheeler, and that while hearsay is admissible in Bar proceedings, its reliability should be carefully weighed. In respondent's view, Wheeler is unreliable because he is a convicted felon serving twenty years for oil theft and fraud and is a perjurer unworthy of belief. The Bar points out that the complainant client testified he did not authorize the withholding of the $23,500. On the record, there appears to be no dispute that the sum was withheld and that respondent used the largest part of it to draw a check on the trust account to pay a debt owed by his wife. We see no reliance on uncorroborated hearsay.
Respondent argues that the $23,500 was a loan from Wheeler and that he did not need the permission of the client to withhold and withdraw the money from the trust account. The Bar responds that Integration Rule 11.02(4) permits disbursement from a trust fund for specific purposes only, that the client gave specific instructions on disbursement which did not include withholding $23,500 or paying $22,500 on the wife's loan, and further, that the money was taken before respondent went to Texas and failed to verify the oil contract. The referee's finding is supported by the record and presumptively correct. The Florida Bar v. Stalnaker, 485 So.2d 815 (Fla. 1986).
Respondent next argues that he did not use $20,000 from the trust fund for his own purposes and, further, because he was not charged with this in the Bar's complaint, the referee erred in making this finding. The Bar responds that respondent testified that he was unable to make the interest payments of $20,250 because he had written a check for $20,000 against the trust fund based on the deposit of Wheeler's bad check. Further, this Wheeler venture was an independent venture on which respondent was a partner, and the bounced check should not have been entered into the trust account. Finally, the Bar points out, it did not make the charge because it did not know of it and The Florida Bar v. Stillman, 401 So.2d 1306 (Fla. 1981), holds that it is proper for the referee to receive evidence and make findings on misconduct not alleged in the complaint. It is clear from the record that respondent improperly commingled the Wheeler check with trust account money and improperly withdrew the $20,000 from the trust account for his personal use. As for the complaint about the unmade charge, Stillman permits such evidence and findings which develop during a *1120 disciplinary proceeding. Respondent was given an opportunity to produce relevant information on his handling of the trust account and has not been prejudiced by the unmade charge.
Respondent next argues that he testified at length on the extensive efforts he made to verify the oil contracts and protect his client's interests. Respondent misapprehends the nature of his duty. The client gave respondent very simple and specific instructions: verify that Wheeler had contracts on oil leases before surrendering the investment check. Respondent merely needed to tell Wheeler, "no contracts, no check." Had respondent not involved his personal interests in withholding $23,500 from the money to be paid to Wheeler, he perhaps could have seen this more clearly. We approve the referee's finding.
Finally, respondent argues that disbarment is not an appropriate penalty because there is no showing of fraud, deceit, or misrepresentation. Respondent urges that a public reprimand is appropriate. Respondent relies in part on his contention that the referee's findings of fact above should not be upheld. We disagree. We have affirmed the findings of fact. Under section 4.1 of the standards for imposing lawyer sanctions, absent aggravating or mitigating circumstances, disbarment is appropriate when a lawyer intentionally or knowingly converts client property regardless of injury or potential injury. The referee found in aggravation that respondent had a prior disciplinary record, that he displayed dishonest or selfish motives, that he refused to acknowledge the wrongful nature of his conduct, that he had substantial experience in the practice of law, at the age of fifty, and that he showed indifference to making restitution. We add that in addition to converting his client's property, respondent failed to protect his client's interests by following routine and common sense instructions, resulting in his client suffering injuries in the range of at least $277,767.93.
We adopt the referee's recommendations as to guilt and discipline. David E. DeSerio is disbarred from the practice of law in Florida. So that respondent can close his practice in an orderly fashion and protect the interests of his clients, the disbarment shall take effect September 26, 1988. Judgment for costs in the amount of $7,387.18 is assessed against DeSerio, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] The Florida Bar's complaint and the referee's report were based on the former Integration Rule and Florida Bar Code of Professional Responsibility.