608 So.2d 18 (1992)
THE FLORIDA BAR, Complainant,
v.
Lane W. VAUGHN, Respondent.
No. 78590.
Supreme Court of Florida.
November 5, 1992.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and John B. Root, Jr., Bar Counsel, Orlando, for complainant.
Patricia J. Brown, Stuart, for respondent.
PER CURIAM.
Lane W. Vaughn petitions for review of a referee's findings regarding guilt and *19 sanctions against him. We have jurisdiction pursuant to article V, section 15, Florida Constitution.
The Florida Bar filed a three-count complaint against Vaughn, alleging misconduct relating to Vaughn's representation of a client in a criminal matter. The complaint alleged that Vaughn's failure to maintain contact with the client resulted in a warrant being issued for the client's arrest for failing to appear in court. The complaint also alleged that Vaughn failed to refund the client's $1300 retainer when the client retained a new attorney. Based upon these events, the bar stated that Vaughn had violated the following rules: Rules Regulating The Florida Bar 3-4.3 (commission by lawyer of act which is contrary to honesty and justice); 4-1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); and 4-1.4(a) (lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information).
The referee recommended that Vaughn be found not guilty as to all three counts. However, based upon The Florida Bar v. Stillman, 401 So.2d 1306 (Fla. 1981), the referee did find Vaughn guilty of violating Rule Regulating The Florida Bar 4-8.1(b) by
failing to respond to the Bar's request to reply to the complaining party giving his side of the story; by failing to appear at a properly noticed hearing of the grievance committee[;] and by failing to communicate with any Bar authority that he was involved in a criminal trial in Tampa during the period of the grievance hearing. He also failed to appear in person for the Referee Trial and only attended the hearing by telephone after he was contacted by this referee.
The referee found that paragraph 6[1] of the complaint put Vaughn on notice that evidence of his failure to cooperate with the bar would be presented at the referee's hearing.
Based upon this lack of cooperation, the referee made the following recommendations as to the disciplinary measures to be applied:
I recommend that the respondent be suspended from practicing law for a period of thirty days with automatic reinstatement at the end of the period of suspension as provided in Rule 3-5.1(e) of the Rules of Discipline. The respondent shall also be required to pay the Bar's costs in prosecuting this matter.
In making this recommendation, the referee considered Vaughn's prior disciplinary record, which includes "a private reprimand by appearance before the Board of Governors for personal checking account violations" and "a public reprimand for personal behavior"[2] in The Florida Bar v. Vaughn, 562 So.2d 348 (Fla. 1990).
Vaughn argues that an attorney's failure to cooperate with the bar has only been considered an aggravating factor if the attorney is found guilty of the substantive charges. Thus, Vaughn concludes that it is improper for the referee to recommend such harsh discipline to an attorney who is clearly not guilty of any of the original offenses with which he was charged. Vaughn also contends that there is ample *20 evidence to indicate that he had no specific intent to fail or refuse to cooperate with the bar. As evidence that he did not intend to avoid or stymie the bar process, Vaughn cites legal advice that he should not respond in writing to the bar's initial inquiries and his telephonic testimony at the referee hearing.
This case presents a novel question: whether an attorney can be disciplined for failure to cooperate with the disciplinary authority when the attorney is found not guilty of any other substantive violations. We agree with Vaughn that in the past such noncooperation has only been considered an aggravating factor when the attorney is found guilty of the substantive charges. See, e.g., The Florida Bar v. Montgomery, 412 So.2d 346 (Fla. 1982). However, prior to the adoption of the Rules Regulating The Florida Bar in 1987, there was no counterpart to rule 4-8.1(b). Thus, lack of cooperation did not constitute a separate offense and could only be cited as an aggravating factor. We note that other jurisdictions have recognized that failure to cooperate with disciplinary authorities may constitute attorney misconduct. See Louisiana State Bar Ass'n v. Tucker, 560 So.2d 435 (La. 1989); In re Staab, 719 S.W.2d 780 (Mo. 1986).
The Florida Bar asserts that Vaughn has shown a continuing pattern of not cooperating or participating in the disciplinary proceedings. We agree. Both the referee's report and the record reflect that Vaughn failed to cooperate with the bar prior to the filing of the formal complaint and that he continued that pattern of conduct even after the complaint was filed. We find that Vaughn's lack of cooperation prior to the filing of the bar's complaint constitutes a violation of rule 4-8.1(b) (lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority). Vaughn never replied to the bar's initial requests, either in writing or verbally. Vaughn did not attend the grievance committee hearing even though notice of the hearing was sent to Vaughn's last record bar address at his father's law office, and a post office receipt was signed by his father's secretary.
As explained in the comment to rule 4-8.1(b), the obligation to cooperate is subject to the constitutional guarantees of the Fifth Amendment of the United States Constitution and the corresponding provisions of Florida's Constitution. However, the comment also notes that "[a] person relying on such a provision in response to a question ... should do so openly and not use the right of nondisclosure as a justification for failure to comply with this rule." Rule Regulating The Florida Bar 4-8.1, Comment. Thus, even if Vaughn intended to invoke these constitutional guarantees, he was obliged to respond accordingly to the bar's inquiries.
Considerable time and expense have been expended on a matter that might have been resolved at the early stages of the investigation. The referee ultimately found no merit to the violations alleged by the bar. If Vaughn had cooperated with the bar inquiry and presented his defense, it is quite possible that this matter would never have reached the referee level. Furthermore, it is clear that Vaughn's case is only before this Court because he failed to cooperate with the disciplinary process and to provide information which he had in his possession.
Although the bar's complaint did not specifically charge Vaughn with a violation of rule 4-8.1(b), paragraph 6 of the complaint certainly put Vaughn on notice that his lack of cooperation was at issue.[3] *21 Moreover, in Stillman this Court recognized that the referee's report may properly include evidence of unethical conduct "not squarely within the scope of the Bar's accusations" because "it is relevant to the question of the respondent's fitness to practice law and thus relevant to the discipline to be imposed." 401 So.2d at 1307. We find that the referee's findings regarding Vaughn's lack of cooperation have been established by clear and convincing evidence. Vaughn clearly violated the duty imposed by rule 4-8.1(b) "to respond to a lawful demand for information from... [a] disciplinary authority." We share the sentiments expressed by the Missouri Supreme Court that an attorney has a professional duty to respond courteously and to cooperate with a bar disciplinary proceeding. In re Staab, 719 S.W.2d 780, 784 (Mo. 1986). We "should expect no less of members of this self-regulating profession if the Court is to maintain the public's confidence and the profession's integrity." Id.
Although we agree with the referee's recommendations as to guilt and the assessment of costs, we do not agree with the referee's recommended discipline of suspension for thirty days. In light of the fact that Vaughn was found not guilty of the substantive charges which necessitated the disciplinary proceedings, we find a public reprimand to be the appropriate discipline.
We therefore hold that Vaughn shall receive a public reprimand, which shall be accomplished by the publication of this opinion. Judgment is entered against Vaughn for costs in the amount of $1,246.14, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW and GRIMES, JJ., concur.
KOGAN, J., concurs specially with an opinion, in which BARKETT, C.J., concurs.
HARDING, J., concurs in part and dissents in part with an opinion.
KOGAN, Justice, specially concurring.
This case begins to wade into troubling issues of free speech and the right against self-incrimination. I do not believe, for example, that the Bar can force an attorney "to reply to the complaining party giving his side of the story" where the attorney effectively is being called upon to engage in an act of self-incrimination. Nor can the Bar force an attorney to espouse beliefs contrary to those the attorney actually has.
Likewise, I am of the opinion that an attorney is not absolutely required to appear at a disciplinary hearing unless subpoenaed  but the failure to appear after proper notice could be interpreted in a proper case as a default justifying the referee in imposing whatever discipline the Bar requests. The failure to appear then also could be considered when weighing aggravating and mitigating factors. The Florida Bar v. Fath, 368 So.2d 357 (Fla. 1979).
I agree, however, that Rule Regulating The Florida Bar 4-8.1(b) required Vaughn to respond to The Bar's lawful inquiries and to expressly assert any constitutional rights as a basis for refusal to disclose. Vaughn's failure to do so here constituted an offense, but a relatively minor one in light of this record. This is underscored by the fact he was found not guilty of the substantive offenses. Accordingly, I agree that a public reprimand is all that is warranted here.
BARKETT, C.J., concurs.
HARDING, Justice, concurring in part and dissenting in part.
I agree with the majority that failure to cooperate with disciplinary authorities may constitute attorney misconduct under rule 4-8.1(b). I also agree with the majority that Vaughn's lack of cooperation constituted a violation of rule 4-8.1(b). However, I part company with the majority as to the appropriate discipline in this case. I see no reason to vary from the referee's recommendation that "the respondent be suspended from practicing law for a period of thirty days."
*22 The record in this case reflects a continuing pattern of noncooperation even after the bar filed the complaint against Vaughn. Vaughn did not respond to the bar's Requests for Admission within thirty days of service of the request, and in fact only responded to the request after it was brought to his attention by the referee at the conference preceding the referee's hearing. Vaughn was given timely notice of the referee's hearing and specifically agreed to the hearing date and time during a prehearing conference. Yet, he was not present for the hearing and only participated because the referee telephoned him at home. Furthermore, only at this final hearing did Vaughn communicate that he was involved in a criminal trial in Tampa at the time of the grievance hearing, and that he was acting upon legal advice that it would be in his best interests not to respond in writing to the bar's initial inquiries. This continuing pattern of noncooperation is sufficient aggravation to warrant the recommended thirty-day suspension. Moreover, the referee's report notes two prior disciplinary actions involving Vaughn: a private reprimand for personal checking account violations and a public reprimand for "personal behavior."[4] In rendering discipline, this Court considers the respondent's previous disciplinary history and increases the discipline where appropriate. The Florida Bar v. Bern, 425 So.2d 526 (Fla. 1982). Considering Vaughn's noncooperation after the complaint was filed and his prior disciplinary history, I would approve the referee's recommended discipline of suspension for thirty days.
NOTES
[1] Paragraph 6 of the complaint states:

6. The respondent did not reply to Bar inquiry letters regarding this matter and he did not appear at the grievance committee hearing despite proper notice. A copy of the notice of grievance committee hearing and a certified return receipt is attached as Exhibit A.
[2] The referee's report characterized Vaughn's prior discipline as involving personal behavior. However, the record reflects that Vaughn was actually reprimanded for behavior involving the practice of law. Vaughn was found guilty of violating Disciplinary Rules 1-102(A)(6) (lawyer shall not engage in conduct that adversely reflects on fitness to practice law) and 7-104(A)(1) (during course of representation of a client a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party that the lawyer knows to be represented by a lawyer in that matter, unless the lawyer has the prior consent of the lawyer representing such other party or is authorized by law to do so) of the former Code of Professional Responsibility. The referee found that Vaughn violated the rules by communicating on numerous occasions by telephone and in person with a represented party whose interests were adverse to those of Vaughn's client.
[3] We note that it would be a better practice for The Florida Bar to include a specific reference to Rule Regulating The Florida Bar 4-8.1(b) in the complaint when the respondent's lack of cooperation is at issue. However, in this case, even if this Court required the bar to amend the complaint to include such a specific reference, the result would be the same. The referee made specific findings regarding Vaughn's failure to cooperate, and the record contains clear and convincing evidence to support those findings. At the referee's hearing, Vaughn was given an opportunity to respond to those allegations. Vaughn admitted that notice of the grievance committee hearing was served at his record bar address, and that he "knowingly" failed to respond to the bar's initial inquiries upon advice of counsel.
[4] As the majority notes, Vaughn's prior discipline actually involved behavior relating to the practice of law rather than "personal behavior."