636 So.2d 1287 (1994)
THE FLORIDA BAR, Petitioner,
v.
Alan E. DUBOW, Respondent.
Nos. 80327, 80479.
Supreme Court of Florida.
March 24, 1994.
Rehearing Denied June 8, 1994.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Randi Klayman Lazarus, Bar Counsel, Miami, for complainant.
Nicholas R. Friedman of Friedman Law Firm, Miami, for respondent.
PER CURIAM.
Alan E. Dubow seeks review of the referee's recommended discipline in this matter. We have jurisdiction under article V, section 15 of the Florida Constitution.
In August and September 1992, the Bar filed complaints against Dubow alleging unethical conduct in case numbers 80,327 and 80,479, respectively. In case number 80,327, the Bar's complaint alleged that, between June 17, 1987, and June 21, 1988, Dubow caused thirty-one checks to be dishonored. Several of those were the result of Dubow writing checks on closed accounts. Other checks were dishonored as a result of insufficient funds and check-kiting. Dubow refused to pay his bank for the overdrafts and was sued. A judgment was entered against him on May 14, 1990. Additionally, Dubow maintained a trust account which contained shortages in September and January 1987.
In case number 80,479 the Bar alleged that Dubow was retained by a client to prepare a warranty deed to certain real property and to obtain the signature of the grantor. Dubow traveled from Miami to the Bahamas to obtain the signature and act as notary. However, due to Dubow's negligence, the signature obtained was forged, and Dubow fraudulently notarized it as he was outside of the United States. Dubow then recorded the deed, conveying the property from the grantor to his client, in Dade County. He also formed a corporation which took title to the property by warranty deed and placed a mortgage on the property. Subsequently, Dubow was named as a third-party defendant in an action to quiet title. The complaint alleged his participation in the preparation, signing, and recording of a forged deed and the fraudulent notarization of the deed. An order of summary judgment and final judgment in the amount of $151,774.37 was entered against Dubow. He has not yet made restitution.
With the complaints, the Bar filed requests for admissions. Dubow failed to respond within the time allotted by the rules, and, on *1288 January 5, 1993, the Bar filed a "Motion for Order Deeming Matters Admitted." Dubow then responded to the request for admissions and replied to the Bar's motion. The referee granted the Bar's motion on January 11, 1993. Subsequently, a hearing was held on a motion by Dubow to vacate the order deeming matters admitted. The referee, however, refused to set aside the order.
A final hearing, relating solely to discipline, was held in May 1993. The referee found Dubow guilty of violating rules 4-8.4(b) (criminal acts), 4-8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 4-8.4(d) (conduct prejudicial to the administration of justice), and 5-1.1 (money held in trust for a specific purpose must be applied only to that purpose), and recommended that Dubow be disbarred. In making her recommendation, the referee noted that the judgments entered against Dubow, and referred to in the Bar's complaints, are still outstanding. She pointed out that Dubow has demonstrated a pattern of misconduct which is ongoing, in that he has been fined by the U.S. Bankruptcy Court for lying to the court and attempted to offer into evidence in this proceeding a satisfaction of judgment which he knew or should have known was a fraud. She also pointed out that he had lied to the Bar concerning his employment status. In mitigation the referee found that Dubow has no prior disciplinary record. Finally, the referee recommended that Dubow pay costs of $13,022.91.
Before this Court, Dubow contends that the referee erred in granting the Bar's "Motion to Deem Matters Admitted." Rule 3-7.6(e)(2) of the Rules Regulating The Florida Bar provides that "[d]iscovery shall be available to the parties in accordance with the Florida Rules of Civil Procedure." Rule 1.370(a) of the Florida Rules of Civil Procedure provides that a party may serve on any other party a written request for admission of any matter within the general scope of discovery.
The matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the process and initial pleading upon the defendant.
Fla.R.Civ.P. 1.370(a).
In the instant case, Dubow did not comply with the rules. His responses to the requests for admissions were due on October 5, 1992, and on November 2, 1992. The Bar waited until January 5, 1993, to file its motion seeking to have the matters admitted. Only after this motion was filed did Dubow respond.
Dubow argues that his failing to file a timely response to the Bar's requests constitutes excusable neglect. He also claims ignorance of the Rules Regulating The Florida Bar and the Florida Rules of Civil Procedure. Dubow states that he consulted an attorney when he received the requests and was advised that the requested admissions were not properly discoverable.
Dubow, however, does not support his claim of excusable neglect. Ignorance of the law is not an excuse. This maxim holds particularly true for lawyers who are charged with notice of the rules and the standards of ethical and professional conduct prescribed by the Court. R. Regulating Fla. Bar 3-4.1. In the instant case, Dubow did not even notify the referee that he had received the admissions and that he did not intend to answer them. Nor did he request a hearing on the propriety of the requests for admissions. Dubow simply ignored the Bar's complaint and the requests for admissions. Under these circumstances, the referee acted within her discretion in deeming the matters admitted.
Dubow next argues that the referee's recommendation of disbarment is too severe. We disagree. Dubow's trust account violations display a serious pattern of misconduct. Aside from the shortages in the accounts, evidenced by the Bar's auditor and the dishonored checks, he engaged in check-kiting and commingling.
*1289 This Court has consistently held that misuse of trust account funds is among the most serious infractions a lawyer can commit. The Florida Bar v. MacMillan, 600 So.2d 457 (Fla. 1992); The Florida Bar v. Farbstein, 570 So.2d 933 (Fla. 1990); The Florida Bar v. Breed, 378 So.2d 783 (Fla. 1979). Misappropriation of client funds, check-kiting, and issuing worthless checks are actions which will not be tolerated by this Court, and they justify the most severe penalty. The Florida Bar v. Graham, 605 So.2d 53 (Fla. 1992); The Florida Bar v. Solomon, 589 So.2d 286 (Fla. 1991); The Florida Bar v. DeSerio, 529 So.2d 1117 (Fla. 1988). Dubow's fraudulent conduct in connection with the real estate transaction described in the second complaint is equally egregious. Dubow's dishonesty resulted in grave financial harm to a client, and Dubow has refused to make any substantial restitution. In light of the cumulative nature of Dubow's misconduct and his disregard for the rules even after the Bar filed its complaints, disbarment is clearly warranted.
Accordingly, we disbar Dubow from the practice of law. The disbarment will be effective thirty days from the filing of this opinion so that Dubow can close out his practice and protect the interests of existing clients. If he notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the disbarment effective immediately. Dubow shall accept no new business from the date this opinion is filed. Judgment for costs in the amount of $13,022.91 is hereby entered against Dubow, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.