647 So.2d 840 (1994)
THE FLORIDA BAR, Complainant,
v.
Domenic Leonard GROSSO, Respondent.
No. 82776.
Supreme Court of Florida.
December 22, 1994.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David M. Barnovitz, Bar Counsel, Fort Lauderdale, for complainant.
Domenic L. Grosso, pro se.
PER CURIAM.
Attorney Domenic L. Grosso petitions this Court for review of the referee's recommendation that he receive a sixty-day suspension from the practice of law as a result of a disciplinary proceeding filed by The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
This proceeding concerns Grosso's failure to respond to an investigative inquiry initiated by The Florida Bar.[1] Grosso concedes his guilt and agrees with the referee's recommended sanctions except for the recommended sixty-day suspension.
The Bar's original recommendation to the referee was for a ten-day suspension with a reprimand. The Bar's brief also candidly notes that the length of Grosso's suspension is not critical to the Bar.
A ten-day suspension, Grosso asserts, is more appropriate and supported under the authority of Florida Bar v. Vaughn, 608 So.2d 18 (Fla. 1992), which involved a similar factual situation. In Vaughn, we held that the attorney violated Rule 4-8.1(b) of the Rules Regulating The Florida Bar which requires that a lawyer not knowingly fail to respond to a lawful demand for information from a disciplinary authority. 608 So.2d at *841 20. Vaughn received a public reprimand for failure to respond.[2]
In Vaughn, we considered the merits of the substantive charges a mitigating factor in favor of Vaughn despite his prior disciplinary record.[3] However, unlike Grosso's unblemished record of fifteen years, Vaughn's record reflected prior reprimands for behavior that involved the practice of law. Nevertheless, this Court refused to impose a recommended thirty-day suspension.[4]
This Court has a broad scope of review regarding a referee's legal conclusions and recommendations. Florida Bar in re Inglis, 471 So.2d 38, 41 (Fla. 1985) (recognizing that it is ultimately this Court's responsibility to enter an appropriate judgment). We have stated that an appropriate judgment must be fair to society, fair to the respondent and severe enough to deter others. Florida Bar v. Pahules, 233 So.2d 130, 132 (Fla. 1970). It is well settled that this Court has the authority to consider factors that reflect on an attorney's character in mitigation of the severity of the penalty. Id. Thus, we consider Grosso's fifteen-year unblemished record as a mitigating factor in this case.
In light of these principles, we find the Bar's original recommendation persuasive.
Accordingly, we direct that Grosso be suspended from the practice of law for a period of ten days, and, before he resumes the practice of law, he is required to (1) provide the Bar a certification from a Florida licensed psychiatrist attesting to his ability to resume his practice and (2) provide the Bar a complete response to the substantive charges underlying this proceeding. The suspension will be effective thirty days from the filing of this opinion so that Grosso can close out his practice and protect the interests of existing clients. If Grosso notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Grosso shall accept no new business from the date this opinion is filed.
Judgment is entered against Grosso for the costs in the amount of $740.00, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., recused.
NOTES
[1] Rule 3-4.8 of the Rules Regulating the Florida Bar requires any member of The Florida Bar who is the subject of an investigation to respond, in writing, to all investigation inquiries made by bar counsel or grievance committees. Rule 4-8.4(g) provides that a lawyer shall not fail to respond, in writing, to any inquiry by a disciplinary agency when the agency is conducting an investigation into the lawyer's conduct.
[2] The referee distinguished Vaughn by claiming that Grosso, unlike Vaughn, was subject to two new rules (effective July 1, 1993) promulgated by this Court as a direct result of Vaughn. This distinction fails to recognize that the attorney in Vaughn was under a similar duty to respond.
[3] In Vaughn, we noted that "in light of the fact that Vaughn was found not guilty of the substantive charges which necessitated the disciplinary proceedings, we find a public reprimand to be the appropriate discipline." 608 So.2d at 21.
[4] Vaughn's prior disciplinary record included a private reprimand for personal checking account violations and a public reprimand for "personal behavior." See Florida Bar v. Vaughn, 562 So.2d 348 (Fla. 1990).