# Supreme Court of Florida

_____

No. SC11-2286
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**LOUIS RANDOLF TOWNSEND, JR.,**
Respondent.

[April 24, 2014]

PER CURIAM.

We have for review a referee's report recommending that Respondent Louis Randolf Townsend, Jr., not be held in contempt of this Court's January 17, 2008, suspension order in Florida Bar v. Townsend, case number SC07-81. We have jurisdiction. See art. V, § 15, Fla. Const. As discussed in this opinion, we disapprove the referee's recommendation in part, and hold Townsend in contempt based on his failure to notify the circuit court of his thirty-day suspension in case number SC07-81, in violation of Rule Regulating the Florida Bar 3-5.1(h). We also conclude that Townsend made misrepresentations of fact to the circuit court in his 2006 "Application for Appointment As Guardian," in violation of Bar Rules 4-

3.3(a)(1) (a lawyer shall not knowingly make a false statement of fact or law to a tribunal); 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice). Because the referee did not reach the issue of discipline, we remand this case to the referee for a hearing and a recommendation as to the appropriate sanction.

**FACTS**

On January 17, 2008, this Court entered an order in Florida Bar v. Townsend, case number SC07-81, suspending Respondent Townsend from the practice of law for thirty days. Townsend was required to comply with Rule Regulating the Florida Bar 3-5.1(h), which provides:

> Upon service on the respondent of an order of disbarment, disbarment on consent, disciplinary revocation, suspension, emergency suspension, emergency probation, or placement on the inactive list for incapacity not related to misconduct, the respondent shall, unless this requirement is waived or modified in the court's order, forthwith furnish a copy of the order to: (1) all of the respondent's clients with matters pending in the respondent's practice; (2) all opposing counsel or co-counsel in the matters listed in (1), above; and (3) all courts, tribunals, or adjudicative agencies before which the respondent is counsel of record.
>
> Within 30 days after service of the order the respondent shall furnish bar counsel with a sworn affidavit listing the names and addresses of all persons and entities that have been furnished copies of the order.

As discussed below, Townsend's suspension was made effective nunc pro tunc, December 10, 2007. See Fla. Bar v. Townsend, No. SC07-81 (Fla. order on rehearing entered Feb. 6, 2008). Thus, Townsend served his suspension and was automatically reinstated in January 2008.

In November 2011, The Florida Bar (Bar) filed a Petition for Contempt and Order to Show Cause, alleging that Townsend violated the Court's January 2008 suspension order; the Bar later filed an amended petition, adding an additional count, in October 2012. A referee was appointed to consider the matter. Following a hearing on the amended petition, the referee has submitted his report for the Court's review, in which he makes the following findings and recommendations.

The sequence of events in case number SC07-81 plays a significant role in the contempt case at issue here. In January 2007, the Bar filed its complaint in SC07-81. Several months later, in November 2007, Townsend and the Bar agreed to a Conditional Guilty Plea for Consent Judgment. In the Consent Judgment, Townsend admitted to violations of the Rules Regulating the Florida Bar (Bar Rules), related to his representation of two clients outside his law firm. Townsend and the Bar agreed to a thirty-day suspension, set to begin December 10, 2007.

In November 2007, the referee filed a report recommending that the Court approve the consent judgment. While the case was pending before the Court, on

December 10, Townsend's agreed-upon thirty-day suspension began to run. Subsequently, on January 17, 2008, the Court issued its order approving the referee's report and suspending Townsend for thirty days. Townsend filed a motion for rehearing, asking the Court to make his thirty-day suspension effective nunc pro tunc, December 10, 2007, as agreed to in the Consent Judgment. On February 6, 2008, the Court entered an order granting the motion.

Following the Court's order, on March 19, 2008, Townsend sent an affidavit to the Bar pursuant to rule 3-5.1(h), in which he stated:

> In living up to my agreement in the Consent Judgment, I closed my office on December 10, 2007 for thirty (30) days by closing all inactive files and transferring all active litigation files to another attorney to handle during the thirty (30) day suspension period, including the cases pending in state and federal court. These actions were all taken prior to the entry of the Court order by the Supreme Court which was effective nunc pro tunc, December 10, 2007.

The Bar did not raise any objection to Townsend's affidavit at that time.

Turning to the instant contempt case, the Bar's amended petition for contempt raised three issues. First, the Bar alleged that Townsend violated the Court's January 2008 suspension order because he did not properly notify his clients of his suspension, in violation of Bar Rule 3-5.1(h). Specifically, the Bar alleged that Townsend's act of transferring his active cases to another attorney prior to serving his suspension, and prior to the Court's order actually imposing the suspension, did not relieve him of the requirement under the rule to provide notice

- 4 -

of the suspension to his clients. However, the referee found that the "triggering date" for determining which clients, attorneys, and courts must be notified is the date the suspension order is served on the attorney. In this instance, Townsend's thirty-day suspension ran from December 10, 2007, to January 9, 2008; the Court's order approving the suspension was entered on January 17, 2008. Thus, the referee concluded that the triggering date for Townsend to comply with rule 3-5.1(h) came on January 17, after the suspension was completed. Because the referee found that, in this particular case, Bar Rule 3-5.1(h) is subject to "different, confusing, and contradictory readings," the referee concluded that the rule cannot be read so as to sustain a disciplinary action against an attorney. Additionally, the referee also noted that, in anticipation of his suspension, Townsend transferred his active cases to another lawyer. Thus, the referee found that Townsend's May 2008 affidavit of compliance was truthful, and did not make any misrepresentations to the Bar as to how Townsend complied with the suspension order. Accordingly, the referee recommends that Townsend be found not guilty of contempt on this ground.

As to the second issue alleged in its amended petition for contempt, the Bar asserted that Townsend violated the Court's January 2008 suspension order because he failed to notify a court of his thirty-day suspension, in violation of Bar Rule 3-5.1(h). In 2006, Townsend was appointed by a circuit court to serve as the

guardian for an incapacitated person (the ward); at the time of the Court's January 2008 order in SC07-81, Townsend continued to serve in that role. There is no dispute that Townsend did not provide the guardianship court notice of the thirty-day suspension. In 2011, the court learned on its own of Townsend's suspension, and entered an order suspending Townsend as guardian for the ward.

The central question before the referee was whether Townsend was "counsel of record" in the guardianship case, and thus required to provide notice of his suspension to the court pursuant to rule 3-5.1(h). The referee noted that Townsend performed a number of legal tasks in the case that only a lawyer would be authorized to perform. Townsend also filed petitions for payment of attorney's fees and billed his services as an attorney at a higher rate than the services he performed as guardian. However, the referee found that, although Townsend took an oath as guardian and was issued "letters of guardianship," he did not file a notice of appearance as counsel of record. The referee concluded that Bar Rule 3-5.1(h) does not specifically address the notification required in this case. Thus, he recommends that Townsend be found not guilty of contempt.

Finally, the Bar's amended petition for contempt asserted that Townsend made misrepresentations of fact to the guardianship court. In 2006, Townsend submitted an "Application for Appointment As Guardian" in the guardianship case. Question 29 on the application asked: "Has applicant ever been discharged from

employment?" Townsend answered the question "No," and provided a comment indicating that he was "let go" from his former law firm because the malpractice case he was working on settled. Further, in question 28 on the application, Townsend indicated that he left his former firm because he started a new job. In fact, Townsend was discharged from his former law firm for representing clients outside the firm (the basis for the disciplinary case in SC07-81). The referee found that Townsend's answers on the guardianship application were a "knowing and material and intentional misrepresentation" of fact. Nonetheless, the referee concluded that the question before him was solely whether Townsend should be held in contempt of the Court's January 2008 suspension order. Because Townsend's guardianship application was submitted in 2006, two years before the Court's January 2008 order in case number SC07-81, the referee determined that Townsend's answers on the application could not be a basis for holding him in contempt of the order.

Ultimately, based on these factual findings, the referee recommends that Townsend be found not guilty of contempt, and that no discipline be imposed. The Bar has filed a Notice of Intent to Seek Review of Report of Referee, challenging the referee's recommendation that Townsend be found not guilty of contempt based on his failure to notify the guardianship court of his suspension, as well as

the referee's recommendation that Townsend be found not guilty of additional rule violations based on his misrepresentations of fact to the guardianship court.

## ANALYSIS

The Rules Regulating the Florida Bar authorize this Court to review petitions for contempt filed by the Bar, and any response from the respondent, and issue an appropriate judgment. <u>See</u> R. Regulating Fla. Bar 3-7.11(f)(1)(F). The judgment may include "any sanction that a court may impose for contempt and, if the person found in contempt is a member of The Florida Bar, may include any disciplinary sanction authorized under these rules." <u>Id.</u> "Proceedings for contempt referred to a referee shall be processed in the same manner as disciplinary proceedings under these rules." <u>Id.</u> Thus, in reviewing the referee's recommendations as to Townsend's guilt, we must determine whether the referee's factual findings are sufficient under the applicable rules to support the recommendation. <u>See</u> <u>Fla. Bar v. Shoureas</u>, 913 So. 2d 554, 557-558 (Fla. 2005).

First, before this Court the Bar does not challenge the referee's recommendation that Townsend be found not guilty of contempt based on the Bar's allegation that he failed to notify clients of his suspension, in violation of Bar Rule 3-5.1(h). Although we approve the referee's recommendation on this issue, we refer to The Florida Bar the issue of whether amendments to rule 3-5.1(h) are necessary to address the situation presented here, where an attorney begins serving

his or her suspension (or other discipline) before the Court's order imposing the discipline is entered (thus triggering the obligation to notify clients under the rule).

The Bar does urge the Court to disapprove the referee's recommendation that Townsend be found not guilty of contempt based on his failure to notify the guardianship court of his suspension. Rule 3-5.1(h) provides, in relevant part, that when an attorney is served with an order of suspension, the attorney must furnish a copy of the order to "all courts, tribunals, or adjudicative agencies before which the respondent is counsel of record." R. Regulating Fla. Bar 3-5.1(h)(3). It is not disputed that Townsend did not notify the guardianship court of the Court's January 2008 order in SC07-81, suspending him for thirty days. Nonetheless, the referee concluded that Townsend was not required to notify the court because he was not counsel of record. We disagree; for all practical purposes, Townsend was the attorney in the case. Pursuant to Florida Probate Rule 5.030, every guardian must be represented by an attorney admitted to practice in Florida; if the guardian is an attorney, he or she may represent himself or herself as the guardian. Here, Townsend did not hire a separate attorney to represent him as the guardian. Indeed, the former circuit court judge who presided in the guardianship case testified before the referee that he believed Townsend served as both the guardian and the attorney. Moreover, as noted, the referee found that Townsend performed a number of legal tasks in the case that only a lawyer would be authorized to

perform. He also filed petitions for orders authorizing payment of attorney's fees. Townsend billed for this legal work at a higher rate than he did for his services as the guardian.

Given these facts, Townsend's argument that he was not the attorney in the guardianship case, and that he was not required to notify the guardianship court of his suspension, is unreasonable. It is apparent that Townsend was the attorney in the case, even if he never filed a formal notice of appearance. Accordingly, we conclude that Townsend was required to notify the guardianship court of his suspension in case number SC07-81, and he failed to do so. Thus, we hold Townsend in contempt.

The Bar next urges the Court to disapprove the referee's recommendation that Townsend be found not guilty of any ethical misconduct based on his misrepresentations of fact on the guardianship application. As noted, in October 2006, Townsend submitted to the circuit court an "Application for Appointment as Guardian," and he stated in the application that he had never been discharged from any employment. However, Townsend admitted in the proceedings before the referee that he was fired from his former law firm for representing clients outside the firm. Thus, the referee expressly found that Townsend's answers on the guardianship application were a "knowing and material and intentional" misrepresentation of fact. However, the referee concluded that he was solely

- 10 -

limited to determining whether Townsend's actions are in contempt of the Court's January 2008 suspension order. We do not agree, and conclude instead that the referee could have considered additional rule violations, as alleged and argued by the Bar, based on Townsend's misconduct.

We have long held that due process is satisfied in a disciplinary proceeding "where the attorney is served with notice of the Bar's charges and is afforded an opportunity in the disciplinary hearing to be heard and defend himself." Fla. Bar v. Tipler, 8 So. 3d 1109, 1118 (Fla. 2009) (citing Fla. Bar v. Committe, 916 So. 2d 741, 745 (Fla. 2005)). Moreover, this Court has held that a referee may consider instances of misconduct not specifically pled in the Bar's complaint if such misconduct is "within the scope of the Bar's accusations" and the attorney was "clearly notified of the nature and extent of the charges pending against [him or her]." Fla. Bar v. Nowacki, 697 So. 2d 828, 832 (Fla. 1997); see also Fla. Bar v. Vaughn, 608 So. 2d 18, 20 (Fla. 1992) (finding the respondent guilty of a rule violation not specifically charged in the Bar's complaint, where the complaint put the respondent on notice of the misconduct at issue).

Here, Townsend was notified of the nature and extent of the charges pending against him by the Bar's amended petition for contempt.[1] The amended petition

---

1. The Bar also states that, in September 2012, it sent Townsend a Notice of Grievance Committee Review, alleging that Townsend's answers on the guardianship application may have violated three Bar Rules: 4-3.3(a)(1) (a lawyer

specifically alleged that Townsend misrepresented facts on the guardianship application. Moreover, this issue was addressed in the proceedings before the referee. Indeed, as noted, the referee held that the Bar presented clear and convincing evidence to demonstrate that Townsend was guilty of misrepresentations to the court. Because Townsend was aware of the scope of the Bar's allegations, he had notice of the accusations, and he was afforded an opportunity to defend against them, we conclude that due process is satisfied. We find that Townsend made misrepresentations of fact to the court in the guardianship case, in violation of Bar Rules 4-3.3(a)(1) (a lawyer shall not knowingly make a false statement of fact or law to a tribunal); and 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). Further, we find that, because Townsend's misrepresentations misled the guardianship court, and eventually caused the court to suspend him as guardian for the ward and to appoint a new guardian, his conduct was prejudicial to the administration of justice in violation of Bar Rule 4-8.4(d) (a lawyer shall not

---

shall not knowingly make a false statement of fact or law to a tribunal); 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice). The Bar asserts that Townsend's counsel waived a finding of probable cause, and consented to consolidation of the two matters within the already existing contempt petition.

engage in conduct in connection with the practice of law that is prejudicial to the administration of justice).

## CONCLUSION

Accordingly, we approve the referee's findings of fact set forth in the report of the referee, as well as the referee's recommendation that Townsend be found not guilty of contempt based on the Bar's allegation that he failed to notify clients of his suspension in violation of Bar Rule 3-5.1(h). However, we disapprove the referee's recommendation that Townsend be found not guilty of contempt based on his failure to notify the guardianship court of his suspension, and instead hold Townsend in contempt of the Court's January 2008 suspension order in case number SC07-81. We also find Townsend guilty of violating Bar Rules 4-3.3(a)(1), 4-8.4(c), and 4-8.4(d). Finally, because the referee did not reach the issue of discipline, we remand this case to the referee for a hearing and a recommendation as to the appropriate discipline.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.

Original Proceeding – The Florida Bar

- 13 -

John F. Harkness, Jr., Executive Director, and Kenneth Lawrence Marvin, Staff Counsel, The Florida Bar, Tallahassee, Florida, and Michael C. Greenberg, Bar Counsel, The Florida Bar, Sunrise, Florida,

    for Complainant

Andrew DeGraffenreidt, III, West Palm Beach, Florida,

    for Respondent