PER CURIAM.
This disciplinary proceeding is before us on the complaint of The Florida Bar and the findings and recommendations set forth in the referee’s report. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee’s pertinent findings of fact are as follows:
On November 2, 1983, respondent was retained by Robert E. Zehnder for the purpose of administration of the estate of his deceased wife, Elizabeth L. Zehnder.
Respondent initially received from Zehnder a check in the amount of $1,200.00 for legal fees and a check for $60.00 for costs.
On February 14, 1984, respondent received $7,231.78 in satisfaction of a mortgage held by the Zehnder estate. This money was received for the specific purpose of paying estate debts, expenses, claims and bequests.
Respondent deposited the $7,231.78 in his trust account on February 27, 1984. Subsequently, without notice to or consent by Zehnder or leave of court, respondent paid to himself funds totalling $4,115.00.
[[Image here]]
Respondent admitted that he failed to maintain a separate file or ledger with an individual card or page for the estate of Zehnder setting forth the information required by Fla. Bar Integr. Rule, article XI, Rule 11.02(4)(c) and the Bylaws promulgated thereunder, specifically Bylaws Under the Integration Rule, article XI, Section 11.02(4)(c)(2)(f).
[[Image here]]
The only records maintained by respondent pertaining to the Zehnder estate were his checkbook and certain handwritten notations regarding disbursement appearing on the jacket of the file.
[[Image here]]
Zehnder requested that respondent advise of the disbursement of the $7,231.78, but Johnson failed to render any accounting to Zehnder.
[[Image here]]
A dispute arose between Zehnder and respondent regarding the disbursement of the $7,231.78. Thereafter respondent failed to maintain the disputed funds in his trust account.
[[Image here]]
Respondent received $4,716.78 as legal fees for his representation of the Zehnder estate. A reasonable fee for his representation of the Zehnder estate would be $2,500.00.
[[Image here]]
*54 Respondent’s actions and omissions as hereinabove recited constitute conduct that adversely reflects on his fitness to practice law.
Upon these findings, the referee determined that respondent had violated the following: Florida Bar Integration Rule, article XI, Rule 11.02(4) and (4)(c); Florida Bar Integration Rule Bylaws, article XI, section 11.02(4)(c)(2)(f) and (3)(i and ii); and Disciplinary Rules 1-102(A)(6), 2-106, 9-102(A)(2), 9-102(B)(3), and 9-102(B)(4) of the Code of Professional Responsibility.
Respondent also was charged with violating Disciplinary Rule 1-102(A)(4) of the Code of Professional Responsibility and Florida Bar Integration Rule, article XI, Rule 11.02(3). The referee recommends that respondent be found not guilty as to this charge.
In his own defense, respondent argues that the instant complaint originated in a simple fee dispute involving “merely technical or procedural violations of trust account bookkeeping, with no showing of lack of accounting for all funds.”
In effect, respondent agrees that violations of trust accounting procedures occurred, but argues as to the degree of seriousness. On this question, however, we must defer to the referee, whose conclusions will be upheld unless they are clearly erroneous or without support in the evidence. The Florida Bar v. Carter, 410 So.2d 920, 922 (Fla.1982); The Florida Bar v. Lopez, 406 So.2d 1100, 1102 (Fla.1981); The Florida Bar v. Stillman, 401 So.2d 1306, 1307 (Fla.1981); The Florida Bar v. McCain, 361 So.2d 700, 706 (Fla.1978). By respondent’s own concession, violations have occurred. Moreover, the record tends to support the referee’s recommendation as to their seriousness, since a failure to account adequately for clients’ money is a serious ethical breach even if no financial harm ultimately accrues to them.
Accordingly, we accept the findings of the referee as to all counts. We also accept and approve the referee’s recommendations that respondent receive a public reprimand and be placed on probation for a period of four years, during which time he shall be required to submit quarterly reports from a certified public accountant reflecting that his trust account is being maintained in compliance with former Rule 11.02(4)(C) of the Integration Rule of The Florida Bar. As an additional condition of probation, we require respondent to reimburse Robert E. Zehnder the sum of $2,268.78.
Publication of this opinion shall constitute this Court’s public reprimand of respondent. Judgment for costs in the amount of $1,668.48 is entered against respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.