594 So.2d 307 (1992)
THE FLORIDA BAR, Complainant,
v.
Bruce L. HOLLANDER, Respondent.
No. 76862.
Supreme Court of Florida.
March 5, 1992.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Linda J. Amidon and Kevin P. Tynan, Co-Bar Counsel, Fort Lauderdale, for complainant.
Bruce L. Hollander, in pro. per.
PER CURIAM.
This is a lawyer disciplinary proceeding in which Bruce L. Hollander petitions this Court to review the referee's findings of fact and recommended public reprimand and payment of restitution. We have jurisdiction pursuant to article V, section 15, Florida Constitution. We approve the referee's findings and recommended penalty.
After a hearing and testimony, the referee made the following findings of fact:
A. In October of 1987, Frank Ferrano of Eagle Air Conditioning contacted Automated Credit Services (A.C.S.) with regard to collecting an outstanding debt.
B.A.C.S. is owned 100% by Bruce Hollander and his wife, and is located in the same office building as Hollander and Associates (The Firm).
C. A retainer agreement was executed on October 19, 1987. Ferrano signed on behalf of Eagle Air Conditioning and Respondent signed on behalf of A.C.S.
D. Ferrano agreed to a contingent fee of one-third of any monies collected on his behalf.
E. Sometime after October 19, 1987, the Ferrano collection matter was referred to Hollander and Associates to file suit; someone at the Hollander firm executed a "new case report" which denotes that the firm would be paid a contingent fee.
F. A handwritten note appears in Hollander's file which indicates a 40-60 split of any settlement.
G. A note to the Hollander file dated June 29, 1988 by Respondent states "modified fee 50 per hour against 1/3 recovery."
H. Ferrano admits having a discussion with Respondent regarding a change in the fee arrangement, but did not agree to it.
I. Respondent admits that there is no written retainer agreement between Hollander and/or his Firm and Ferrano.
J. The Respondent is the sole partner in the entity known as Hollander and Associates, P.A., the law firm that represented Ferrano/Eagle Air Conditioning.
K. Respondent acknowledges that this matter began as a suit on a mechanic's lien bond, from which the fees would be paid and after filing suit and spending much time on the file it was learned that no bond existed and therefore no fees would be collected.

*308 L. Respondent admits that he received three thousand two hundred fifty dollars ($3,250.00) as a settlement of the Ferrano collection matter, which he applied toward his legal fee and that Ferrano never received the proceeds from this settlement.
M. Ferrano was never given a copy of a closing statement which sets forth how his monies were disbursed.
The referee found Hollander guilty of violating the following Rules Regulating The Florida Bar, specifically: rule 4-1.5(A), which provides that an attorney shall not enter into an agreement for, charge or collect an illegal, prohibited, or clearly excessive fee; rule 4-1.5(F)(1), which provides that contingent fee arrangements must be in writing; and rule 4-1.5(F)(2), which provides that upon recovery on a contingent fee arrangement a lawyer must execute and keep a distribution statement. Based on these violations, the referee recommended that Hollander be given a public reprimand and pay restitution in the amount of $2,167.75, which represents two-thirds of the monies recovered on his behalf.
Hollander petitions this Court and argues that: (1) the Bar should not prosecute cases involving fee disputes between an attorney and his client when the fee is not clearly excessive or violative of rule 4-1.5; (2) the Bar should not require an attorney to refund fees to a client when the attorney has not been disbarred, contending that a fee dispute between an attorney and client should be determined by a civil suit; (3) the facts of this case do not support a violation of rule 4-1.5(F)(1) by Hollander; and (4) a public reprimand is not an appropriate penalty for an attorney who did not initially open the file but did work in the file, nor for the managing partner ultimately responsible for the conduct of the law office when no written contingent retainer can be found for a particular file.
We approve the referee's findings of fact and find the referee's recommendations of a public reprimand and a forfeiture of the excessive fee are appropriate under the circumstances of this cause. Accordingly, we order that Hollander receive a public reprimand to be administered by the Board of Governors of The Florida Bar and remit to Ferrano the amount of $2,167.75, which represents two-thirds of the monies recovered on his behalf. Furthermore, we find that a judgment for costs in the amount of $1,517.09 is hereby entered against Hollander, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.