651 So.2d 1182 (1995)
THE FLORIDA BAR, Complainant,
v.
James Alfred GARLAND, Respondent.
No. 81981.
Supreme Court of Florida.
March 9, 1995.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Bonnie L. Mahon, Bar Counsel, Tampa, for complainant.
James A. Garland, pro se.
*1183 Donald A. Smith, Tampa, and Donald B. Hadsock, Bradenton, for respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by James Alfred Garland. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee recommends that Garland be found guilty of violating the following Rules Regulating The Florida Bar: rule 4-1.5(a)(1), (2) (a lawyer shall not charge or collect a clearly excessive fee  an excessive fee is a fee that (1) exceeds a reasonable fee to such a degree as to constitute clear overreaching or an unconscionable demand by the attorney or (2) is secured by means of intentional misrepresentation as to either entitlement or amount); rule 4-8.1(a) (a lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter); rule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); rule 4-1.15(a) (a lawyer shall hold in trust, separate from the lawyer's property, funds and property of a client); and rule 5-1.1 (trust accounts/failing to deliver trust funds).
The recommendations as to guilt are based on the following findings of fact. In July 1991, Garland was appointed as personal representative and served as attorney for the estate of Lois Locke. The estate was valued at approximately $590,000. Garland transferred estate monies representing earned and unearned fees from the estate account to his trust account, commingling the earned fees with client property. Thereafter, he misappropriated estate funds by transferring both earned and unearned fees into his general account, thereby paying himself fees in excess of those he was entitled to receive. Garland altered time records and his fee per hour to justify the unearned fees taken from the estate. He made intentional misrepresentations to a residual beneficiary of the estate as to the hours expended and the fee to be charged and gave the beneficiary a false accounting. He paid himself a total of $32,956.30 in fees. According to expert testimony a reasonable fee would have been between $15,000 and $18,000. Garland further misappropriated funds that were intended for the costs and expenses of the Locke estate.
During the proceedings, Garland falsely advised the Grievance Committee that certain estate funds had been deposited in a special savings account for the estate, when the funds had been placed in Garland's general account. He also made false statements to the Bar's investigator.
The referee recommends that Garland be suspended from the practice of law for three years and thereafter until he can show rehabilitation. As a condition of the suspension, the referee recommends that Garland be required to pay the Bar's costs and make restitution to the beneficiaries of the estate, and pass the ethics portion of the Bar exam.
Garland seeks review. He maintains that the Bar was precluded from entertaining the complaint of the beneficiary in light of the fact that the beneficiary executed a waiver of accounting and consent to discharge which was filed in the probate proceedings. Garland also challenges a number of the findings of fact and recommendations as to guilt and maintains that since all the alleged violations stem from a fee dispute a three-year suspension is an excessive sanction.
First, we reject Garland's contention that the Bar was precluded from proceeding against him by the doctrines of res judicata, estoppel and prior consent. Rule Regulating The Florida Bar 3-4.4 provides that "the acquittal of the respondent in a criminal proceeding shall not necessarily be a bar to disciplinary proceedings nor shall the findings, judgment, or decree of any court in civil proceedings necessarily be binding in disciplinary proceedings." Disciplinary proceedings are not concerned with the issues addressed in criminal or civil proceedings. Rather, disciplinary proceedings are concerned with violations of ethical responsibilities imposed on an attorney as a member of The Florida Bar. Florida Bar v. Swickle, 589 So.2d 901, 905 (Fla. 1991). Thus, the documents filed and judgments entered in the prior probate proceeding do not act as a bar to this disciplinary action.
*1184 Next, we address Garland's challenges to the referee's report. A referee's findings of fact are presumed correct unless they are clearly erroneous or lacking in evidentiary support. Where the referee's findings are supported by competent, substantial evidence, this Court will not reweigh the evidence and substitute its judgment for that of the referee. Florida Bar v. MacMillan, 600 So.2d 457 (Fla. 1992); Florida Bar v. Stalnaker, 485 So.2d 815 (Fla. 1986). The record in this case supports the referee's findings of fact. Those findings support the recommendations of guilt, with the exception of the recommendation that Garland be found guilty of charging a clearly excessive fee under rule 4-1.5(a)(1). Subdivision(a)(1) defines a fee as clearly excessive for disciplinary purposes when "after review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee exceeds a reasonable fee for services provided to such a degree as to constitute clear overreaching or an unconscionable demand by the attorney." We agree with Garland that in light of sections 733.617 and 733.6171, Florida Statutes (1993), which provide the manner by which reasonable fees to the personal representative and attorney of an estate are to be determined, the referee's recommendation as to this violation must be rejected. Although sections 733.617 and 733.6171 did not became effective until after the Locke estate was closed,[1] if the fee charged in this case were charged today it likely would be considered reasonable under the new statutory provisions.[2] Therefore, under the circumstances, we do not believe that one could be left with a "definite and firm conviction" that the fee charged here exceeds a reasonable fee to such a degree as to be considered "clear overreaching or an unconscionable demand."
However, the record supports the referee's recommendation that Garland be found guilty of violating rule 4-1.5(a)(2) by securing the fee charged by "means of intentional misrepresentation or fraud upon the client, a nonclient party, or any court, as to either entitlement to, or amount of, the fee." We find no merit to Garland's contention that hearsay testimony that was contradicted by his secretary, the declarant, was the only evidence that he altered time records to justify unearned fees he had taken from the Locke estate. It is clear from the record that Garland altered the time records for the estate after being informed by his secretary that the final time accounting did not support the $27,500 in fees the ledger card indicated Garland already had taken from the estate. It is also clear that after Garland altered the records they reflected a fee due of $27,500. This evidence alone is sufficient to support the referee's finding and recommendation of guilt.
Accordingly, with the exception of the recommendation that Garland be found guilty of charging an excessive fee under rule 4-1.5(a)(1), we adopt the referee's recommendations of guilt. We also agree with Garland that in light of the fact that these apparently isolated ethical breaches occurred in the context of a fee dispute and to some extent were the result of improper trust account procedures, the recommended sanction is excessive. We believe that under the circumstances a two-year suspension is a sufficient sanction for the misconduct that occurred here. Cf. Florida Bar v. Johnson, 526 So.2d 53 (Fla. 1988) (public reprimand and four year probation proper sanction for attorney who charged excessive fee for handling estate and violated trust accounting procedures).
Accordingly, James Alfred Garland is hereby suspended from the practice of law for two years. The suspension will be effective thirty days from the filing of this opinion so that Garland can close out his practice and protect the interests of existing clients. If *1185 Garland notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect his clients, this Court will enter an order making the suspension effective immediately. Upon the filing of this opinion, Garland shall accept no new business until such time as he is reinstated. Before he may be reinstated, Garland must pass the ethics portion of The Florida Bar Examination and prove rehabilitation. R. Regulating Fla.Bar 3-5.1(e). As a condition of his suspension he also must pay the costs of these proceedings and make restitution to the beneficiaries of the Locke estate in the amount of $9,529.50. See R. Regulating Fla. Bar 3-5.1(i) (the respondent may be ordered to pay restitution to a complainant or other person if the disciplinary order finds that the respondent has received a clearly excessive fee or that the respondent has converted trust funds); Florida Bar v. Della-Donna, 583 So.2d 307, 311 (Fla. 1989) (restitution of an excessive fee can be ordered as condition of reinstatement). Judgment is entered against Garland for costs in the amount of $8,715.34, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] These provisions became effective October 1, 1993. Ch. 93-257 § 18, Laws of Fla.
[2] As personal representative, Garland would be entitled to at least three percent of the $590,000 estate. § 733.617(2)(a), Fla. Stat. (1993). As attorney for the estate, Garland would be entitled to two percent of the estate plus an amount equal to the hours reasonably expended, times a reasonable fee for his services and for the services of persons under his supervision. § 733.6171(3), Fla. Stat. (1993). Even though the record does not reflect how many hours of attorney time reasonably should have been expended in this case, it is likely that the fees charged would have been considered reasonable under the current statutory scheme.