PER CURIAM.
We have for review the referee’s report in this attorney disciplinary action recommending that James 0. Walker, III be found guilty of misconduct and suspended from the practice of law for period of thirty days. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed a two-count complaint against James 0. Walker, III alleging violation of Rules Regulating The Florida Bar 4-8.4(e) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 4-8.1(b) (a lawyer shall not fail to disclose a fact necessary to correct a misapprehension known by the lawyer to have arisen in connection with a disciplinary matter). After a hearing, the referee recommended that Walker be found guilty of violating both rules.
In support of the recommendation, the referee made the following findings of fact. On September 19, 1991, Walker executed a doctor’s lien letter in which he agreed to protect a local chiropractor’s fees in any settlement, judgment or verdict rendered in favor of Florence Cunningham. At the time Walker signed the lien letter, he was not representing Cunningham in any case in which there could have been a settlement, judgment or verdict that could have resulted in payment to the chiropractor. Over approximately a two-year period, the chiropractor’s staff contacted Walker’s office and were given various reports on the status of the case including: “Case pending,” ‘Waiting for trial date,” and “Cases going to trial.” When Walker failed to respond to a letter requesting information about the status of the case, the chiropractor filed a bar grievance against Walker. Walker responded to the grievance by letter stating that he had not received any settlement, judgment or verdict in Cunningham’s ease and that the status of the case was privileged and not subject to disclosure without Cunningham’s consent. Believing that Cunningham’s case “was not yet settled,” the Bar closed the grievance against Walker. The close-out letter stated that because Walker had not yet settled the case, there was no basis for further disciplinary proceedings. Although aware of the close-out letter, Walker took no action to reveal to the Bar or the chiropractor that there was no case to settle. When the chiropractor’s attorney determined that there was no case pending, the chiropractor requested that the grievance be reopened. When the Bar reopened the grievance, Walker responded that he did not settle the claim; there was no claim; and the statute of limitations had already run when, in fact, it had not. Rather, the claim had been settled by another attorney years before Walker signed the letter of protection. After further inquiry by the Bar, Walker advised the Bar and doctor of the prior settlement. Based on the above findings, the referee found that Walker made a number of false statements of *23 material fact. The referee further found that Walker knew the Bar was under a misapprehension that there was a case that could be settled but failed to disclose the fact within a reasonable time after receiving the close-out letter.
The referee recommends that Walker be suspended for thirty days and that he be placed on probation for one year during which time he must attend and successfully complete the Bar’s ethics school program. In recommending the suspension, the referee considered, among other things, that Walker previously had been given a public reprimand and probation for neglect and failing to maintain proper trust account records. Florida Bar v. Walker, 595 So.2d 559 (Fla.1992).
Walker challenges the referee’s findings and recommendations. Walker contends that several of his responses were taken out of context and, when viewed in context, it is clear he did not intend to misrepresent anything. He also maintains that he cannot be found guilty of misconduct for failing to disclose that a settlement in Ms. Cunningham’s case had already been reached because he had no duty to disclose any client confidences or other information learned as a result of the attorney-client relationship. Therefore, he contends the Court should find Walker not guilty of misconduct or at least modify the recommended sanction.
It is unchallenged that Walker executed a letter of protection when he was pursuing no underlying claim that could produce funds to pay the doctor’s bill and that the doctor subsequently was given assurances that the case was pending. It also is clear from the record that Walker was aware that the Bar closed the grievance against him because it was under the misconception that Walker had not yet settled the matter. Moreover, our review of the record reveals competent, substantial evidence to support the referee’s findings as outlined above. Where there is record support for a referee’s findings, we will not reweigh the evidence or substitute our judgment for that of the referee. Florida Bar v. Garland, 651 So.2d 1182, 1184 (Fla.1995). The findings of fact support the referee’s recommendation that Walker be found guilty of violating rules 4-8.4(c) and 4-8.1(b).
We reject Walker’s defense of confidentiality. An attorney cannot hide behind attorney-client privilege in order to mislead with impunity. Moreover, under Rule Regulating The Florida Bar 4-1.6(c)(4) & (5) Walker could reveal information relating to his representation of Ms. Cunningham if necessary 1) to respond to allegations in any proceeding concerning his representation of the client; or 2) to comply with the Rules of Professional Conduct. Under rule 4-8.1(b), Walker had an ethical duty to disclose that he was not representing Cunningham in a personal injury claim in order to correct a misapprehension he reasonably should have known had arisen in connection with the grievance against him. Likewise, under rule 4-8.4(c), Walker had a duty not to mislead the doctor or the Bar into believing that he was representing Ms. Cunningham in a personal injury claim that had not been resolved.
Thus, we approve the referee’s findings and recommendation as to guilt. We also find that the recommended suspension is appropriate for the misconduct found here. Cf. Florida Bar v. Poplack, 599 So.2d 116 (Fla.1992) (thirty-day suspension followed by probation appropriate for attorney found guilty of violating rule 4-8.4(c) by lying to a police officer).
Accordingly, we suspend James 0. Walker, III from the practice of law for thirty days. The suspension is to be followed by a one-year term of probation during which time Walker must attend and successfully complete The Florida Bar’s ethics school program. The suspension shall be effective thirty days from the date of this opinion, thereby giving Walker time to close out his practice and protect the interests of his clients. If Walker notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Walker shall accept no new business from the date of this opinion until the suspension is completed. Judgement for costs in the amount of *24 $1,536.09 is entered against Walker, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.