PER CURIAM.
This cause is before us for review of the Referee’s findings and recommendations, approved by the Board of Governors of the Florida Bar, which recommended that respondent be found guilty as charged and suspended from the practice of law in the State of Florida.
The Referee’s report reads in part:
“1. Respondent, during the later part of 1965, accepted and undertook employment to represent the Complainant as Executrix in the administration of a decedent’s estate in the County Judge’s Court in and for Dade County, Florida.
“2. After accepting and undertaking such employment, Respondent was grossly dilatory in performing the services which he agreed to perform and he wholly failed to communicate with his client, Complainant, after inquiry and to apprise her of the status of administration of the Estate. Respondent also made false and misleading statements concerning services which he said had been performed but had not.
“3. As a result of Respondent’s failure to keep Complainant advised and his failure to perform the services for which he was retained, Complainant sought advise from the Judge in whose Court the Estate was being administered, which caused the Judge to admonish Respondent, to direct him to forthwith perform the services which were his duty to perform, and to communicate with his client, Complainant, concerning the status of the same. Respondent promised the Judge that he would perform the serv *2 ices and advise the Complainant in accordance with her request, but he failed to do so and failed to report to the Judge as directed.
“4. Respondent has been guilty of dilatory and delinquent tactics and conduct as attorney for the personal representative in other estates being administered in Judge George T. Clark’s division of the County Judge’s Court in and for Dade County, Florida and has been admonished by Judge Clark in other matters pending before him, with the same lack of results as were evident in the matter which led to this Complaint.
“5. Despite receipt of due and adequate Notice of Hearings on this Complaint before the Grievance Committee of the Eleventh Judicial Circuit of Florida and before the Referee, Respondent failed and/or refused to file any answer or other pleading, failed to appear, either in person or through counsel, at either of said hearings, failed to offer an explanation for his dilatory tactics and conduct as Complainant’s attorney and his dereliction in not responding to admonitions and directions from Judge Clark and in not responding to due and timely notices from The Florida Bar. Having received adequate and ample notice of and opportunity, and being under a duty, to so answer, plead, appear, explain and/or respond, his failure to do so is willful, unjustified and unexplained.”
The record and recommendations of the Referee and the Board of Governors have been examined by this Court. It is ordered that the recommendation that respondent Michael J. Zyne is guilty as charged be, and the same is, approved and adopted as the judgment of this Court. It is further ordered that the respondent be suspended from the practice of law in Florida for a period of six months and thereafter until he has demonstrated that he has rehabilitated himself. Execution is hereby directed to issue for the costs against respondent.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS and DEKLE, JJ„ concur.