PER CURIAM:
Again this respondent is before us for further transgressions as an attorney with *669 recommendation this time for permanent disbarment. Respondent was earlier disciplined as set forth in this Court’s opinion filed May 12, 1971, at 248 So.2d 1, suspending respondent from the practice of law in Florida for a period of six months and thereafter until he has demonstrated that he has rehabilitated himself. Rather than any demonstration of rehabilitation, there appears to be a further demonstration of complete unfitness for the practice of law as the referee’s report in these further proceedings will reflect.
The referee in this cause filed his report with The Florida Bar; the report was then timely filed in this Court. Integration Rule 11.06(9) (b), 32 F.S.A. Although 60 days have elapsed since the filing here and service on respondent of a copy thereof by the Clerk of this Court, respondent has not filed any petition for review as he is entitled to do by Rule 11.09(3) (a) of the Integration Rule of The Florida Bar.
The referee’s report sets forth three charges against respondent of which the referee finds him guilty. They are:
(1) Commingling funds of a client in violation of old Canon 11 of Code of Professional Ethics and Rule 1 of Additional Rules Governing Conduct of Attorneys (now “Code of Professional Responsibility,” Disciplinary Rule (DR) 9-102 and Ethical Consideration (EC) 9-5).
(2) Depositing his client’s check in his own checking account by removing the words “for deposit only” over the endorsement of his client on the check drawn to her order as admin-istratrix for $6,861.82 and depositing it to his own regular bank account, claiming he had a right to the money on a disputed attorney’s fee (later agreed on for a sum of $10,000) in violation of Canon 11 of Canons of Professional Ethics; Rules 1, 27 and 30 of Additional Rules Governing the Conduct of Attorneys (now DR 9-102; EC 9-5); and in violation of Integration Rule art. XI, § 11.02 (4).
(3) Letting the Statute of Limitations run on a negligence claim on which he had an earlier offer of $1100 in settlement from the insurance carrier, in violation of old Canon 7 of the' attorneys’ code (now DR 7-101; EC 7-1, 7-19).
REFEREE’S RECOMMENDATION:
“I recommend that the Respondent be disbarred permanently. Conduct of the Respondent is grossly out of character for a lawyer. Personal observation and the entire record in the case on him convince me that he is quite incapable of ever developing the moral character necessary to one whose business is handling the money, secrets and affairs of others.”
In light of the repeated and completely unprofessional actions of respondent and his serious defalcations and damage to clients and to the profession, we find that this is a case for disbarment.
Pursuant to Integration Rule 11.10(4), we accordingly adjudge that the respondent, Michael J. Zyne, is hereby disbarred from the practice of law in the State of Florida and that The Florida Bar do have and recover from respondent its costs pursuant to approved statement herein filed in the sum of $465, for which let execution issue.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS and DEKLE, JJ., concur.