PER CURIAM.
This cause now comes on for final hearing. It originated 2 January 1973 upon petition of The Florida Bar praying that an order be directed to the respondent, Michael J. Zyne, requiring him to show cause why he should not be held in Contempt for practicing law in violation of Section 2 of Article II of the Integration Rule, 32 F.S.A. The respondent was disbarred from the practice of Law July 26, 1972. See The Florida Bar v. Zyne, Fla., 266 So.2d 668. The petition contained allegations of instances of the respondent practicing law despite his disbarment by order of this Court. Rule nisi returnable 31 January 1973 was issued on 11 January and personal service made by the sheriff of Dade County on January 17, 1973. No- answer or other pleading having been filed by respondent, *10 default is hereby entered against him and we accept as admitted the allegations of the petition, whereupon the respondent Michael J. Zyne is adjudged to be Guilty of Contempt of this Court.
It is the further order, judgment and sentence of the-Court that the said Michael J. Zyne be confined in the jail of Dade County, Florida, for a period of 60 days in custody of the sheriff of that County; provided, however, confinement is deferred for a period of 10 days after service of a copy of this order during which time the respondent may purge himself of this Contempt, if he can convince the Chief Judge of the Eleventh Judicial Circuit of Florida, that he has closed his law office and completely abandoned in all respects the practice of law. The Chief Judge, supra, is hereby appointed Commissioner of this Court to hear and consider such application to purge, in the event respondent desires to so apply.
CARLTON, C. J., and ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.