502 So.2d 891 (1987)
THE FLORIDA BAR, Complainant,
v.
James T. GOLDEN, Respondent.
No. 68054.
Supreme Court of Florida.
February 5, 1987.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel and Jan K. Wichrowski, Asst. Bar Counsel, Orlando, for complainant.
James T. Golden, in pro. per., Sanford, for respondent.
PER CURIAM.
This disciplinary proceeding against attorney James T. Golden is before the Court on complaint of The Florida Bar and report of a bar referee. Pursuant to article XI, rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee's report and record of the proceedings were duly filed with this Court. A petition for review pursuant to article XI, rule 11.09(1) has been filed by the respondent.
Disciplinary proceedings were instituted upon complaint by The Florida Bar charging the respondent with neglecting a legal matter entrusted to him, failing to seek the lawful objectives of his client and failing to carry out a contract of employment entered into with a client for professional services.
The referee found respondent guilty of violating Disciplinary Rules 6-101(A)(3), 7-101(A)(1), and 7-101(A)(2) of The Code of Professional Responsibility of The Florida Bar. He recommended that respondent be suspended for a fixed period of thirty (30) days, thereafter until he shall pay the cost of the proceeding and that respondent should receive a public reprimand pursuant to rule 11.10(3).
Respondent has petitioned the Court to review the referee's findings of fact, recommended discipline and cost assessment.
The referee made the following findings of fact. Respondent practiced law in Seminole County, Florida, in November of 1984. James White retained respondent to probate the estate of George White. George White was James White's deceased brother, who died intestate in Broward County. George White owned property in Seminole County.
At the time he was retained, respondent informed James White of his fee to probate *892 the estate and an attorney-client contract was completed specifying that respondent was retained to probate the estate. James White informed respondent that his deceased brother had an illegitimate son who might attempt to claim an interest in the estate.
James White received no communication from respondent during the entire period of his representation except a receipt for attorney's fees. James White telephoned respondent several times but respondent was often unavailable. When he did speak to respondent, respondent informed him that probate had been filed and was progressing. Eventually White was informed that respondent had never filed to probate the estate and that his brother's illegitimate son had initiated a probate proceeding in Broward County.
After carefully reviewing the evidence, we accept the findings of fact of the referee. This Court will not reverse the findings of a referee unless the findings are clearly erroneous or wholly lacking in evidentiary support. The Florida Bar v. Consolidated Business and Legal Forms, Inc., 386 So.2d 797 (Fla. 1980); The Florida Bar v. Wagner, 212 So.2d 770 (Fla. 1968). Respondent has failed to show that the findings of the referee are without support in the record nor has he demonstrated that they are clearly erroneous. The concluding statements made in respondent's exceptions to the referee's report are not supported by the record.
However, we find merit in respondent's argument seeking review of the recommended discipline. Under the facts of this disciplinary case, we find that a suspension of ten days is more appropriate than the thirty days recommended by the referee. Moreover, the public reprimand recommended by the referee seems somewhat redundant when the respondent is also being suspended. We therefore grant review and impose as discipline a ten-day suspension. However, we also find that a period of probation is appropriate. We direct the Bar to provide probationary supervision of respondent's law practice for a period of one year.
Finally, respondent's assertion that The Florida Bar is not entitled to recover the witness fees and expenses of the complaining party is totally without merit. James White, the complaining party, testified at the hearing without having been issued a subpoena. Respondent asserts that in order to assess these costs, The Florida Bar should have subpoenaed the witness. Respondent has cited no compelling authority for this proposition.
Pursuant to the Integration Rule of The Florida Bar, article XI, Rule 11.06(9)(a), after a finding of guilt, The Florida Bar is entitled to costs, which include, "court reporter's fees, copy costs, witness fees and traveling expenses, and reasonable traveling and out-of-pocket expenses of the referee and bar counsel, if any." Although Mr. White was not subpoenaed to appear at the grievance committee hearings or the final hearing, he did appear pursuant to notice and request by The Florida Bar. The rule does not condition the allowance upon being subpoenaed to appear. No language in the rule nor any reasonable construction of it requires a holding that in order for witness fees to be recovered as part of the taxable costs a party must subpoena the witness. We presume from the referee's costs assessment that the Bar actually incurred these witness fee costs. Other jurisdictions recognize that the mere fact that a witness appears voluntarily, without subpoena, does not prevent taxation of his fee if he is actually called and testifies or otherwise qualifies as a witness. See Ingber v. Ross, 479 A.2d 1256 (D.C. Cir.1984); Prudential Insurance Company of America v. Anaya, 78 N.M. 101, 428 P.2d 640 (1967); United Development Corporation v. State Highway Department, 133 N.W.2d 439 (N.D. 1965).
We approve the findings of fact of the referee. The respondent, James T. Golden, is hereby suspended for ten days, effective thirty days from the date of this opinion so that he can close out his practice and protect his clients. He will accept no new *893 clients or new legal business from the date of this order. He shall be reinstated after suspension upon paying the costs of this proceeding. Upon reinstatement, respondent shall be on probation for a period of one year from the date of this order. The condition of probation is that respondent shall be subject to supervisory scrutiny by The Florida Bar concerning his law practice. Judgment for costs in the amount of $2,032.54 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., OVERTON, EHRLICH, SHAW and BARKETT, JJ., and ADKINS, J. (Ret.), concur.