583 So.2d 1016 (1991)
THE FLORIDA BAR, Complainant,
v.
Robert K. HAYDEN, Respondent.
No. 75351.
Supreme Court of Florida.
June 27, 1991.
Rehearing Denied September 3, 1991.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Susan V. Bloemendaal, Asst. Staff Counsel, Tampa, for complainant.
Richard A. Greenberg, Tallahassee, and Denis M. de Vlaming, Clearwater, for respondent.
PER CURIAM.
This matter is before us upon the referee's report recommending respondent Robert K. Hayden be suspended from the practice of law for six months for violating rules 4-1.2(a) and 4-3.1 of Rules Regulating The Florida Bar.[1] We approve the findings and recommendations of the referee.
Respondent Robert K. Hayden represented June Ferreri in an uncontested dissolution of marriage action. At the final hearing, Mrs. Ferreri was awarded child support plus lump-sum alimony in the amount of $2,500. Subsequently, Mrs. Ferreri accepted $300 from her ex-husband as a settlement of the lump-sum alimony award.
The referee found that a month or so after the final hearing, respondent contacted Mrs. Ferreri to inquire whether or not she wanted him to petition for contempt of court against Mr. Ferreri for nonpayment of the alimony. Mrs. Ferreri instructed respondent not to proceed with the contempt proceeding. Nonetheless, respondent filed the contempt action for nonpayment of the alimony judgment. The Ferreris learned of the action when Mr. Ferreri *1017 was served, and he immediately contacted respondent. The referee found that respondent used the contempt action as leverage to collect his fee. The Fererris testified that respondent advised them that he would not pursue the contempt proceeding if his bill were paid.
The referee recommended that Hayden be found guilty of violating rule 4-1.2(a)[2] "for failure to abide by the client's decision not to proceed with the contempt proceedings," and that he be found guilty of violating rule 4-3.1[3] "for initiating the contempt proceeding without authority from the client." The referee further recommended that Hayden be suspended from the practice of law for a period of six months.
Hayden argues initially that the referee's findings are erroneous and unsupported by the evidence adduced at the hearing. Mr. and Mrs. Ferreri both testified that they advised respondent that the matter had been settled; that Mrs. Ferreri did not want to institute or maintain a contempt action; that respondent filed a motion for contempt nonetheless and told them he would not cancel it until the Ferreris agreed to pay his bill.[4] Respondent, on the other hand, contradicted the Ferreris' testimony and denied any allegations of misconduct.
A referee's findings of fact are presumed to be correct and will be upheld unless clearly erroneous or lacking in evidentiary support. The Fla. Bar v. Colclough, 561 So.2d 1147, 1149-50 (Fla. 1990). The record clearly supports the essence of the referee's findings.[5] While the testimony is conflicting, the referee is charged with the responsibility of assessing the credibility of witnesses based on their demeanor and other factors. See The Fla. Bar v. Bajoczky, 558 So.2d 1022, 1023-24 (Fla. 1990). We cannot say the referee's findings are clearly erroneous.
Alternatively, Hayden argues that a six-month suspension is too harsh a punishment in this case. In recommending discipline, the referee considered Hayden's age, years of experience, and prior disciplinary history. Under the circumstances presented, we approve the referee's recommendation of a six-month suspension. This is not an instance of a momentary lapse or negligent action. Respondent pursued contempt proceedings in derogation of his client's wishes and after being advised that a settlement had been reached. He did so to use the legal system in an improper attempt to effectuate the recovery of his own fee. The intentional nature of respondent's conduct, coupled with the selfish motivation which prompted the filing of a frivolous proceeding, combined to make this misconduct far more egregious than a negligent act.
Moreover, this is not respondent's first disciplinary action. Respondent was privately reprimanded in 1981 for misconduct arising out of five separate disciplinary complaints, which were consolidated. Disciplinary proceedings were again instituted against respondent in 1986 for violations of disciplinary rules relating to the handling of funds and property belonging to clients. Respondent was suspended for thirty days for these violations. See The Fla. Bar v. Hayden, 490 So.2d 940 (Fla. 1986).
*1018 Accordingly, we approve the referee's report and suspend and enjoin respondent from the practice of law for six months. This suspension is effective thirty days from the date this opinion is filed in order to protect respondent's clients and to allow him to close out his practice. Respondent shall accept no new business from the date this opinion is filed. Costs in the amount of $1,842.30 are hereby entered against respondent, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, KOGAN and HARDING, JJ., concur.
GRIMES, J., concurring in part and dissenting in part with an opinion.
OVERTON, J., recused.
GRIMES, Justice, concurring in part, dissenting in part.
The respondent, Robert K. Hayden, testified that Mrs. Ferreri had authorized him to file contempt proceedings against her ex-husband. He denied holding the prospect of the contempt hearing over their heads in order to collect his fee. However, there was competent substantial evidence to support the findings of ethical violations because Mrs. Ferreri testified that she declined to authorize the contempt proceedings, and Mr. Ferreri said that Hayden told him that he would call off the contempt hearing if his fee was paid.
Notwithstanding, I believe that a six-month suspension is unduly severe. Much of the controversy in this case arose from a failure of communication. While Mrs. Ferreri told Hayden that her ex-husband had paid her $300, it is clear that she never told him that she took the money in settlement of the $2,500 lump-sum alimony obligation. Furthermore, Hayden immediately cancelled the pending contempt hearing when Mr. Ferreri told him of the settlement, and this occurred before the parties met to try to work out the payment of Hayden's fee. Even in view of Hayden's prior disciplinary record, I do not believe these infractions warrant more than a ninety-day suspension.[6]
NOTES
[1] We have jurisdiction pursuant to article V, section 15 of the Florida Constitution. See also R. Regulating Fla. Bar 3-7.7.
[2] Rule 4-1.2(a) provides in pertinent part:

A lawyer shall abide by a client's decisions concerning the objectives of representation ... and shall consult with the client as to the means by which they are to be pursued.
[3] Rule 4-3.1 provides in pertinent part:

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.
[4] The divorce judgment did not provide for attorney's fees, and Mrs. Ferreri testified that respondent intended to apply a portion of her lump-sum alimony award for his fees.
[5] Respondent argues that the referee erroneously found that the contempt hearing was not cancelled until after respondent met with the Ferreris to discuss his fee, when in fact respondent cancelled the contempt hearing prior to the meeting. This error, however, does not change the essence of the referee's findings that respondent cancelled the hearing only after eliciting a promise from the Ferreris that his bill would be paid.
[6] Any suspension more than ninety days would substantially delay Hayden's return to practice because he will have to demonstrate proof of rehabilitation. R.Reg.Fla.Bar 3-5.1(e).