PER CURIAM.
Bruce L. Hollander seeks review of a decision of The Florida Bar denying his recertification as a Florida Bar Board Certified Real Estate Lawyer. We have jurisdiction. Art. V, § 15, Fla. Const.
Mr. Hollander has met all the technical requirements for recertification. He was denied recertification because he received two disciplinary reprimands. The first reprimand was predicated on a finding that he charged an excessive fee in a construction lien case, and the second was based on a finding that he charged an excessive fee in a personal injury case. The reprimands were imposed in 1992 and 1993.
Hollander avers that each of these reprimands resulted from actions of associates in his office, that he has changed the operation of his office, and that no ethical misbehavior will be repeated. He further notes that none of the complaints arose from any real estate transaction and asserts that, while he greatly regrets these matters, they should not be a sufficient basis to prevent his recertification.
The Bar concedes that the only bases for the denial were the two grievance matters. They remind us, however, that one of the requirements for recertification is statutory peer review and a satisfactory professional ethics record. Specifically, Rule 6-3.6, Rules Regulating the Florida Bar, which deals with recertification of lawyers, provides that the applicant must demonstrate satisfactory peer review and an appropriate professional ethics record. The Bar argues that if a lawyer is twice publicly reprimanded for violations dealing with fee arrangements, and is still permitted to hold himself out as a board certified real estate attorney, the ethical standards for certification would be meaningless.
We agree with the Bar and conclude that good reason exists to deny Mr. Hollander’s recertification as a board certified lawyer. His petition is denied.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.