PER CURIAM.
We have for review a referee’s report recommending that attorney Melody Ridg-ley Fortunato be publicly reprimanded for violating several of the Rules Regulating The Florida Bar. We have jurisdiction. See art. V, § 15, Fla. Const.
I. FACTS
The Bar filed a complaint against Fortu-nato and, after a hearing, the referee recommended finding her guilty of several charged rule violations for failing to respond to two related appellate court orders, which failure resulted in not only the dismissal of her chent’s appeal but also in the issuance of a third appellate court order sanctioning Fortunato, to which order she also initially failed to respond. Specifically, the referee found Fortunato guilty as charged of violating rules 3-4.2 (violation of the Rules of Professional Conduct is cause for discipline); 3-4.3 (commission by a lawyer of any act that is unlawful or contrary to honesty and justice); 4-1.3 (lawyer shall act with reasonable diligence and promptness in representing a chent); 4-3.4(c) (lawyer shall not knowingly disobey an obligation under the rules of a tribunal); and 4-8.4(a) (lawyer shall not violate or attempt to violate the Rules of *202 Professional Conduct). The referee also recommended finding Fortunato not guilty of a separate unrelated charge, which recommendation is neither challenged by the Bar nor of significance here.
What is significant here is that the referee found that Fortunato “gave no credible reason whatsoever for her failure to respond to the Orders in question or comply with their terms. On the contrary, her testimony was verifiably false, confusing, and deliberately misleading.” Upon considering the mitigating and aggravating factors at issue (including the fact that Fortunato had previously been publicly reprimanded),[1] the referee recommended that Fortunato be publicly reprimanded and ordered to pay the Bar’s costs.
II. ANALYSIS
The Bar petitioned for review of the recommended discipline and in its initial brief urged that Fortunato should be suspended for ninety-one days because she purposefully provided false, misleading, and evasive testimony during the disciplinary proceeding, especially considering the misconduct at issue and the fact that For-tunato had previously been publicly reprimanded. Fortunato did not file an answer brief.[2] We agree with the Bar that a more severe sanction is in order here but, all things considered, find its suggestion of a ninety-one day suspension (which would require proof of rehabilitation) to be too harsh. We instead suspend Fortunato for ninety days.
Although not directly on all fours, we find Florida Bar v. Arango, 720 So.2d 248 (Fla.1998), to be instructive. In Arango, this Court rejected the referee’s recommendation that Arango be admonished and instead suspended him for thirty days where, as with Fortunato in the present case, Arango had been found guilty of violating rule 4-1.3 and the misconduct at issue involved a pattern of neglect that caused injury or potential injury to a client.[3] The present case additionally involves several other rule violations and prior discipline-factors not present in Ar-ango.
Most striking of all, however, is that, like the present case, Arango involved the submission of false evidence, although documentary in nature and of a much less culpable sort. Specifically, the referee in Arango found as an aggravating factor that Arango had submitted suspected false evidence and statements and engaged in other deceptive practices during the disciplinary process. 720 So.2d at 250. Aran-go challenged the finding of this aggrava *203 ting factor, but this Court approved it on review, recognizing that “the record in the present case seems to support a finding that a member of Arango’s staff was responsible for any false or fabricated evidence,” id. at 253, and that
although competent, substantial evidence supports the referee’s finding regarding the falsity or fabrication of certain evidence submitted by Arango, there is no finding as to whether the submission of such evidence was negligent or intentional or whether Arango manufactured or directed the manufacture of such evidence. After reviewing the record, there does not appear to be sufficient evidence to support a finding that Arango manufactured or directed the manufacture of false or fabricated evidence, nor does there appear to be sufficient evidence to support a finding that Arango intentionally submitted such evidence in the proceedings below. It is clear from the record that each item of evidence in question was prepared by ... Arango’s paralegal [i.e., not Arango himself]....
Id. at 251 n. 3.
In contrast, the referee in the present case specifically found that Fortunato herself provided “verifiably false, confusing, and deliberately misleading” testimony at the disciplinary hearing. Although not explicitly labeled as such by the referee, we consider this finding as a significant aggravating factor. See Fla. Stds. Imposing Law. Sanes. 9.22(f) (“Aggravating factors include ... submission of false evidence, false statements, or other deceptive practices during the disciplinary process.”).
This Court has been most intolerant of attorneys who have been affirmatively charged with and found guilty of similar misconduct while appearing before a court of law or other tribunal. See, e.g., Florida Bar v. Cibula, 725 So.2d 360, 364 (Fla. 1998) (“We have warned that such conduct [lying under oath] warrants severe discipline and have dealt harshly with those who commit this offense.”); Florida Bar v. Segal, 663 So.2d 618, 622 (Fla.1995) (“Making a knowing misrepresentation to a tribunal is a serious ethical breach.”); Florida Bar v. Williams, 604 So.2d 447, 451 (Fla.1992) (“This Court has suspended attorneys found guilty of lying_Dishon-esty and lack of candor cannot be tolerated in a profession built upon trust and respect for the law.”). This intolerance extends also to attorneys like Fortunato who have provided false testimony before a referee during a disciplinary proceeding. See Arango, 720 So.2d at 253 (in imposing suspension, considering among other things aggravating factor that Arango had submitted false or fabricated evidence during the disciplinary process); Florida Bar v. Weisser, 721 So.2d 1142, 1146 (Fla.1998) (finding that aggravating factors, including subject attorney’s untruthful testimony at the disciplinary proceeding, “further support the imposition of disbarment in this case”).
III. CONCLUSION
We accordingly approve the referee’s findings of fact and recommendations as to guilt. However, we reject as unsupported by existing caselaw the referee’s recommendation as to discipline and, instead of publicly reprimanding Fortunato, we hereby suspend her from the practice of law for ninety days. We intentionally impose more than the thirty-day suspension imposed in Arango because we find the facts and circumstances of the present case to be more egregious, especially the referee’s finding (which we consider as a significant aggravating factor) that Fortunato provided false testimony at the disciplinary hearing. Indeed, we note that, but for the appreciable mitigation present here, a *204 more severe sanction may have been in order.
Accordingly, Melody Ridgley Fortunato is hereby suspended from the practice of law in Florida for ninety days. The suspension will be effective thirty days from the filing of this opinion so that Fortunato can close out her practice and protect the interests of existing clients. If Fortunato notifies this Court in writing that she is no longer practicing law and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Fortu-nato shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Melody Ridgley Fortuna-to in the amount of $1,681.71, for which sum let execution issue.
It is so ordered.
. WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

.Specifically, the referee found in aggravation that Fortunato had previously been publicly reprimanded for neglect and charging an excessive fee. In mitigation, the referee found that Fortunato has a good character and reputation; that she is remorseful and gave assurances that she would avoid further disciplinary proceedings; that there was a lack of dishonesty or selfish motive in the offenses at issue; that there was no pattern of misconduct; that she acknowledged the wrongful nature of her conduct in disregarding the appellate orders; and that she had personal or emotional problems at the time of the misconduct at issue.

. Neither party challenges the referee’s findings of fact or recommendations as to guilt, which we approve without comment.

. We recognize but reject as clearly erroneous the referee's finding in mitigation in the present case that "[t]he instant offense does not appear to be part of a pattern of misconduct by [Fortunato].” To the contrary, it is undisputed that Fortunato repeatedly failed to respond to appellate court orders, which failure resulted in, among other things, the dismissal of her client’s appeal. See Fla. Stds. Imposing Law Sanes. 4.42(b) (suspension generally appropriate when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client”).