784 So.2d 414 (2001)
THE FLORIDA BAR, Complainant,
v.
John Stanley MORSE, Respondent.
No. SC96090.
Supreme Court of Florida.
April 19, 2001.
John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Division Director, Tallahassee, FL; and Brett A. Geer, Assistant Staff Counsel, Tampa, FL, for Complainant.
*415 John S. Morse, Tampa, FL, Respondent, pro se.
PER CURIAM.
Attorney John Stanley Morse has petitioned for review of a referee's report recommending a thirty-day suspension and revocation of Morse's board certification in marital and family law. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons expressed, we disapprove of the thirty-day suspension and suspend Morse for ten days; however, we approve of the revocation of Morse's board certification.

FACTS
The Bar filed a complaint against Morse alleging that he failed to provide competent and diligent representation in his handling of a probate matter. Because Morse failed to respond to the Bar's complaint, a default was entered against him and the allegations of the complaint were deemed admitted.
Morse prepared a will for one Marguerite Sheffield which named Morse as personal representative of her estate. Ms. Sheffield subsequently passed away in November 1997, and her surviving stepsister, Thelma Williams, received correspondence from Ms. Sheffield's insurance company requesting that a claim be filed on behalf of the estate to receive the proceeds from a life insurance policy. Although Ms. Williams contacted Morse by mail and provided him with the correspondence from the insurance company, Morse failed to properly file a claim on behalf of the estate for the life insurance proceeds. Ms. Williams continued to receive notices regarding the claim; and when she would contact Morse regarding these notices, Morse would assure her that the claim would be filed without delay. However, Morse did not contact the life insurance company until Ms. Williams filed a complaint with the Bar, nearly a year after Ms. Sheffield's death. Further, it was not until some six months thereafter that Morse finally closed the Sheffield estate via summary administration.
Based on the above facts, and Morse's default to the Bar's complaint, the referee recommended that Morse be found guilty of violating rule 4-1.1 (lawyer shall provide competent representation) and rule 4-1.3 (lawyer shall act with reasonable diligence and promptness in representing client) of the Rules Regulating the Florida Bar.[1] Following a hearing on discipline, the referee found in aggravation that Morse had substantial experience in the practice of law, and in mitigation that Morse had no prior disciplinary record, had provided service to the Bar and legal profession, and had shown remorse. The referee recommended that Morse be suspended for thirty days and that Morse's board certification be withdrawn. Morse has petitioned for review, arguing that a thirty-day suspension is excessive and that his board certification should not withdrawn.

PETITION FOR REVIEW
Morse raises several issues regarding the referee's findings in aggravation and mitigation, but we consider these points to be without merit,[2] and because *416 the referee's findings are supported by competent substantial evidence in the record, we approve the referee's findings in this regard. See Florida Bar v. Hecker, 475 So.2d 1240, 1242 (Fla.1985) (presence or absence of particular mitigator is factual determination and is "presumed correct and will be upheld unless clearly erroneous or lacking in evidentiary support").
Morse next contests the referee's recommended thirty-day suspension, arguing that a public reprimand is appropriate. Generally, this Court will not second-guess a referee's recommended discipline so long as it has a reasonable basis in existing caselaw or the Florida Standards for Imposing Lawyer Sanctions. Florida Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999). While we conclude that a suspension is warranted, our previous caselaw does not support a thirty-day suspension here.
The Bar argues that Florida Bar v. Daniel, 626 So.2d 178 (Fla.1993), Florida Bar v. Shannon, 376 So.2d 858 (Fla.1979), and Florida Bar v. Zyne, 248 So.2d 1 (Fla.1971), cases which resulted in suspensions of thirty days to six months, support the referee's recommendation here. While these cases all involved neglect of legal matters, these cases involved either multiple or more egregious instances of neglect. The attorney in Daniel was suspended for thirty days but was found guilty of neglect in two separate client matters; Zyne resulted in a six-month suspension for neglect, but also involved a failure to comply with a court order and Zyne's previous failures to act diligently; and although a ninety-one-day suspension was ordered in Shannon, the attorney there neglected a probate matter for over twelve years and charged excessive fees, far more flagrant violations than are present here. We therefore conclude that, based on our caselaw, a thirty-day suspension is not supported.
However, we find Morse's argument that only a public reprimand should be imposed to be incorrect as well. Morse argues that his failure to act diligently and with competence was negligent, and therefore a public reprimand is the presumed sanction under the Florida Standards for Imposing Lawyer Sanctions. Fla. Stds. Imposing Law. Sancs. 4.43 ("Public reprimand is appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client...."); Fla. Stds. Imposing Law. Sancs. 4.53 ("Public reprimand is appropriate when... a lawyer is negligent in determining whether the lawyer is competent to handle a legal matter...."). The Bar argues that Morse's knowing neglect presumes a suspension under the Standards. Fla. Stds. Imposing Law. Sancs. 4.42 ("Suspension is appropriate when ... a lawyer knowingly fails to perform services for a client...."). The distinction here is whether Morse's neglect of this legal matter was negligent or knowing, and we deem Ms. Williams' repeated contact with Morse regarding this matter and his assurances that the matter would be resolved to be sufficient indication of knowing neglect of a legal matter. We cannot help but observe, moreover, that prompt and competent attention to legal matters is a paramount duty of the legal profession, and every legal matter, no matter how small, deserves the diligence and proficiency the public expects from a Florida lawyer.
Having determined that some sanction beyond a reprimand is appropriate we turn *417 to the appropriate length of suspension. The case of Florida Bar v. Golden, 502 So.2d 891 (Fla.1987), is instructive. In Golden, the attorney was retained to probate the estate of his client's deceased brother, but, as in the instant case, failed to do so despite assurances to the client that the case was proceeding. The referee in Golden recommended a thirty-day suspension and a public reprimand; however, this Court instead imposed a ten-day suspension and one year of probation.
We conclude that the misconduct at issue in Golden is sufficiently similar to the instant case, and we impose a ten-day suspension here. We decline, however, to require the one-year probationary period imposed in Golden, in recognition that Golden failed to take any steps towards furthering his client's claim, whereas here Morse did eventually complete the undertaken task and the referee found several mitigating factors that were not present in Golden.
Morse finally challenges the referee's recommendation that his certification in family law be revoked. However, under the Standing Policies of the Board of Legal Specialization and Education ("BLSE"), revocation of certification is mandatory "in instances of the member's disciplinary suspension." Board of Legal Specialization and Education, Standing Policy 2.17; see also R. Regulating Fla. Bar 6-3.7(b) (certification may be revoked by reason of disciplinary action). Since we are imposing a suspension, discipline which triggers this mandatory policy,[3] we approve the referee's recommendation that Morse's certification be revoked. This revocation, however, is without prejudice to Morse reapplying to the Board for certification in the future, pursuant to the Standing Policies of the Board of Legal Specialization and Education and the Rules Regulating the Florida Bar.

CONCLUSION
John Stanley Morse is hereby suspended from the practice of law for ten days. The suspension will be effective thirty days from the filing of this opinion so that Morse can close out his practice and protect the interests of existing clients. If Morse notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Morse shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from John Stanley Morse in the amount of $1,201.55, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Since Morse is not contesting the findings of fact and recommendations as to guilt, we approve these without further discussion.
[2] Morse contends that his inexperience in probate matters precludes the referee's finding of substantial experience in the practice of law, but in light of Morse's thirty-year membership in the Florida Bar, Morse either should have declined the representation or become sufficiently competent in the probate matter. Morse also argues that the referee should have found his lack of selfish or dishonest motive in mitigation, but the referee could have relied on Morse's explanation for his lack of diligence (being busy due to other commitments) as precluding such a finding. Morse finally argues that the referee failed to give sufficient weight to the mitigating factor of Morse's volunteer and Bar activities; however, the referee considered this factor in his report.
[3] Although Morse claims that the misconduct in question here (relating to a probate matter) is unrelated to his area of certification (marital and family law), the policy does not contemplate such a defense. Cf. Florida Bar re Hollander, 638 So.2d 516 (Fla.1994) (denying petition for review from denial of recertification by the BLSE despite attorney's assertions that previous disciplinary actions were unrelated to area of certification).