846 So.2d 479 (2003)
THE FLORIDA BAR, Complainant,
v.
Alberto Victor BATISTA, Respondent.
No. SC00-2219.
Supreme Court of Florida.
April 17, 2003.
*481 John F. Harkness, Jr., Executive Director and John Anthony Boggs, Staff Counsel, Tallahassee, Florida; and Vivian Maria Reyes, Bar Counsel, Miami, FL, for Complainant.
Patricia S. Etkin and Richard B. Liss of Weiss & Etkin, Plantation, FL, for Respondent.
PER CURIAM.
We have for review a referee's report and recommendation regarding attorney Alberto Victor Batista's alleged ethical breaches. We have jurisdiction. See art. V, § 15, Fla. Const.

FACTS
The Florida Bar filed a three-count complaint against attorney Batista involving misconduct in Batista's representation of four clients. In general, the complaint alleged that Bastista failed to complete the work he was hired to do and failed to communicate with his clients and the Bar.[1] After the final hearing, the referee issued a report containing the following findings and recommendations.
Count I relates to Batista's representation of a woman who was seeking social security benefits for her minor child. The client paid Batista $2000 and had two meetings and six telephone conversations with Batista. Batista canceled two other meetings the day before they were to occur and ultimately did not obtain the legal results for which he had been retained. The referee found that the client was partly at fault because she failed to obtain proof that the child's deceased father had been employed in the United States, which was necessary for such benefits.
Count II concerns a father and daughter who retained Batista to represent them in their separate legal problems. They paid Batista $4000 for both matters. The daughter asked Bastista to help her obtain a work permit and permanent residency status in the United States. The referee found that Batista failed to take any significant action to obtain the desired results. Further, he found that while the daughter *482 was partly at fault because she failed to execute the required documents, this fact did not excuse Batista's lack of diligence since an attorney subsequently retained by the client was able to secure a work permit for her.
Batista was also retained to help the father get his driver's license reinstated. Batista assured the father that his driver's license could easily be reinstated even though he had lost his license for life. However, Batista eventually learned that reinstatement of the father's driver's license would not be possible. Several years later, the father obtained a default judgment against Batista for $4000. Until two days before the trial on these disciplinary matters, the judgment remained unsatisfied.
Based on these findings of fact, the referee recommended that Batista be found guilty of having violated rule 4-1.1 (competence), rule 4-1.3 (diligence), and rule 4-1.4 (communication), of the Rules Regulating the Florida Bar.
In addition to the findings of fact described above, the referee made findings of fact concerning behavior not set forth in the Bar's complaint. The referee found that two days before trial, Batista sent his investigator to each of the complaining clients' homes to offer them the return of their attorney fees if they would sign false affidavits stating that Batista had done a good job, that they were satisfied with his work, and that they never intended to pursue disciplinary procedures against Batista. Two of the clients accepted the refund of their attorney fees but did not sign affidavits, and one did not accept the refund. The referee concluded, however, that such conduct was not properly before him as a new substantive rule violation, and even if it had been, he would not have concluded that the conduct rose to the level of a true witness-tampering rule violation.
As to discipline, the referee recommended that Batista be suspended for a period of two years and be required to pay the Bar's costs and reimburse the attorney fees incurred by the client discussed in count I of the Bar's complaint. He further recommended that Batista be required to pay all costs and restitution before being allowed to file a petition for reinstatement.[2]
Batista petitioned this Court to review the referee's report, challenging the findings of fact and the recommendations as to guilt and discipline. The Bar cross-petitioned for review, seeking disbarment.

ANALYSIS

I. Findings of Fact and Recommendations as to Guilt
A referee's findings of fact are presumed correct and will not be overturned unless they are "clearly erroneous or lacking in evidentiary support." See Florida Bar v. Hayden, 583 So.2d 1016, 1017 (Fla. 1991); see also Florida Bar v. Jordan, 705 So.2d 1387, 1390 (Fla.1998) (when such findings are adequately supported, "this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee").
Batista challenges the referee's findings that he failed to communicate with his clients and that, due to his lack of diligence, he failed to provide his clients *483 with satisfactory results, in violation of rules 4-1.3 (diligence) and 4-1.4 (communication). Batista asserts that he spent a great deal of time with all of his former clients and that the clients essentially sabotaged their own cases by failing to cooperate by obtaining needed information. Batista also argues that although one of his former clients was able to obtain a work permit after she hired a new attorney, it was because the law changed in 2000 and not because Batista had failed to be diligent.
However, in their testimony at the final hearing, none of the clients remembered spending much time with Batista or that he asked them for any additional information. Thus, while there was clearly conflicting evidence, the referee found the testimony of the complaining witnesses to be more believable than that of Batista. Because the referee is in the best position to judge the credibility of the witnesses, we defer to the referee's assessment and his resolution of the conflicting testimony. See Florida Bar v. Fredericks, 731 So.2d 1249, 1251 (Fla.1999) ("The referee is in a unique position to assess the credibility of witnesses, and his judgment regarding credibility should not be overturned absent clear and convincing evidence that his judgment is incorrect."); Florida Bar v. Thomas, 582 So.2d 1177, 1178 (Fla.1991) (same); Florida Bar v. Hayden, 583 So.2d 1016, 1017 (Fla.1991) (where testimony conflicts, referee is charged with responsibility of assessing credibility based on demeanor and other factors). Further, as to Batista's assertions regarding a change in the law which permitted one of the clients to obtain a sought-after work permit, the gravamen of the complaint in this instance is not that the desired result was not obtained but that Batista failed to timely recognize and communicate to his clients that such result could not be obtained.
Accordingly, having sustained the referee's findings of fact, we also approve his recommendation that Batista be found guilty of violating rules 4-1.3 (diligence) and 4-1.4 (communication).
Next, Batista argues that he did not violate rule 4-1.1 (competence) because no results were obtainable for these clients. Nevertheless, the referee found that Batista either should have known that he could not provide his clients with any relief or should have discovered that he could not do so within a reasonable amount of time and informed the clients without delay. This determination would require either that Batista already have an adequate level of legal knowledge or that he prepare himself by investigating the facts and the law. By not determining the probable outcome in his clients' cases within a reasonable time and communicating the unavailability of the result, we conclude that Batista violated this rule. Therefore, we approve the referee's conclusion that Batista violated rule 4-1.1 (competence).
Finally, concerning the findings of fact surrounding the witness-contact incident, Batista urges that he was simply trying to settle his litigation and make restitution, which he understood could be considered in mitigation. However, the referee heard the testimony of the witnesses and concluded that Batista had improperly attempted to have the witnesses sign false affidavits in exchange for the return of their attorney fees. Again, this is a question of credibilityBatista's versus that of the complaining witnesses. Because the referee is in the best position to judge the credibility of the witnesses, we again defer to the referee's assessment and his resolution of the conflicting testimony. See Florida Bar v. Fredericks, 731 So.2d 1249, 1251 (Fla.1999). Accordingly, *484 we approve the referee's findings of fact in this regard.

III. Discipline
In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because it is ultimately our responsibility to order the appropriate sanction. See Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989); see also art. V, § 15, Fla. Const. However, this Court generally will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Florida Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999). As noted, the referee recommended that Batista be suspended for two years and be required to pay the Bar's costs and reimburse the attorney fees incurred by the client discussed in count I of the Bar's complaint before being allowed to file a petition for reinstatement.
Batista argues that his due process rights were violated when the referee increased the severity of the recommended discipline based in part on witness-tampering allegations which were neither presented in the Bar complaint nor within the scope of the allegations set forth in the complaint. He notes that the referee asked the Bar whether these uncharged allegations could be considered, and the Bar advised the referee that he could consider them because the conduct occurred in the "midst" of the proceedings.
We agree with Batista that a new rule violation cannot be considered without adequate notice. Attorneys must be given reasonable notice of the charges they face before the referee's hearing on those charges. See In re Ruffalo, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968); see also Florida Bar v. Price, 478 So.2d 812 (Fla.1985) (rejecting, based on due process concerns, a referee's finding that attorney committed perjury during disciplinary proceedings because the conduct was not charged); Florida Bar v. Vernell, 721 So.2d at 705 (Fla.1998) (similar); Florida Bar v. Stillman, 401 So.2d 1306 (Fla. 1981) (similar). A rule violation cannot be prosecuted during the same trial unless it is within the allegations of the Bar's complaint. See Florida Bar v. Fredericks, 731 So.2d 1249 (Fla.1999); Florida Bar v. Vernell, 721 So.2d at 706.
Here, the witness-contact allegations were clearly not within the allegations set forth in the Bar's complaint. Therefore, the referee properly refused to consider them as a new rule violation. The referee, however, did consider the conduct, made findings of fact in reference to it, and specifically stated that it "hurt [Batista's] cause." Thus, in essence, it appears that the referee considered the conduct as an aggravating circumstance.
Florida Standard for Imposing Lawyer Sanctions 9.2 provides, "Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed." Further, standard 9.22(f) specifically lists "submission of false evidence, false statements, or other deceptive practices during the disciplinary process" as an aggravating factor which can be considered by the referee in recommending discipline. Here, the referee found that Batista attempted to have his former clients sign affidavits that essentially repudiated their Bar complaints. This constitutes a deceptive practice that the referee could consider in aggravation of the proper discipline. Thus, we conclude that the improper witness-contact incident could properly be treated as an aggravating factor and that it could be utilized to enhance Batista's discipline.
*485 The Bar relies on Florida Bar v. Agar, 394 So.2d 405, 406 (Fla.1980), Florida Bar v. Gunther, 400 So.2d 968 (Fla.1981), Florida Bar v. Segal, 462 So.2d 1091 (Fla. 1985), and Florida Bar v. Page, 475 So.2d 1236 (Fla.1985), for the proposition that disbarment is appropriate for Batista's conduct in contacting the witnesses. We disagree and find that those cases are distinguishable as involving more egregious misconduct, multiple rule violations, and uncontested recommendations of disbarment.
As for the referee's recommendation of a two-year suspension, case law reveals that a much shorter suspension would have been warranted had Batista not engaged in the additional improper witness contacts. See, e.g., Florida Bar v. Maier, 784 So.2d 411 (Fla.2001) (suspending attorney for sixty days followed by three years' probation for failure to act with diligence in pursuing client's application for alien labor certification, failure to keep client reasonably informed about status of that matter, and failure to timely respond to inquiries made by Bar); Florida Bar v. Morse, 784 So.2d 414 (Fla.2001) (imposing ten-day suspension for lack of diligence concerning delays in probating estate); Florida Bar v. Glick, 693 So.2d 550 (Fla.1997) (suspending attorney for ten days for failure to provide competent representation, lack of due diligence, lack of communication, failure to abide by client's decision, dishonesty or fraud, and failure to disclose important facts in disciplinary matter); Florida Bar v. Daniel, 626 So.2d 178 (Fla.1993) (suspending attorney for thirty days for neglecting two separate client matters); Florida Bar v. Golden, 502 So.2d 891 (Fla.1987) (imposing ten-day suspension for lack of diligence concerning delays in probating estate); Florida Bar v. Shannon, 376 So.2d 858 (Fla.1979) (suspending attorney for ninety-one days where attorney neglected probate matter for over twelve years and charged excessive fees); Florida Bar v. Zyne, 248 So.2d 1 (Fla.1971) (suspending attorney for six months for neglect, failure to comply with court order, and previous failures to act diligently).
Based on the above-cited cases and in light of Batista's improper witness contact during the Bar proceedings, we conclude that a ninety-one-day suspension, rather than a two-year suspension, is appropriate. See Florida Bar v. Frederick, 756 So.2d 79 (Fla.2000) (imposing ninety-one-day suspension where attorney required client to refrain from filing Bar complaint as part of written agreement settling client dispute, and referee found numerous aggravating factors including use of deceptive practices during disciplinary process); Florida Bar v. Fortunato, 788 So.2d 201 (Fla.2001) (imposing ninety-day suspension where attorney failed to file pleadings in cases leading to dismissal and had provided false, confusing, and deliberately misleading information during the disciplinary process).
Taking this into consideration, we therefore approve the findings of fact and recommendations as to guilt, but disapprove the referee's recommendation that Batista be suspended for two years. Instead, we conclude that Batista should be suspended for ninety-one days. However, the record is replete with evidence that Batista is having emotional and anger problems that began prior to initiation of the present Bar complaints. There is evidence in the record that Batista is indeed working on the problems by taking part in a counseling program for attorneys. Further, while he and his counselor testified that he has begun to overcome his tendencies to blame others, Batista's final argument to the referee made it clear that he has much work to do in this area. Accordingly, we order Batista to continue with his counseling.
*486 We understand that Florida Lawyers Assistance, Inc., offers mental health counseling services to attorneys who may need assistance in dealing with the difficult and stressful situations many attorneys encounter. Nevertheless, while we order Batista to continue his counseling as part of the rehabilitation process, Batista may utilize the counselor of his choice. With the aid of his counselor, Batista must formulate a concrete plan of action for learning to deal with his anger and his tendencies to blame others. While this plan need not be presented to this Court or the referee for approval prior to embarking on the plan, reports from the counselor are to be considered in determining reinstatement.
Accordingly, Alberto Victor Batista is hereby suspended from the practice of law for a period of ninety-one days. The suspension will become effective thirty days from the filing of this opinion so that Alberto Victor Batista can close out his practice and protect the interests of his existing clients. If Alberto Victor Batista notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Alberto Victor Batista shall accept no new business from the date this opinion is filed until the suspension is completed and he has been reinstated. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Alberto Victor Batista in the amount of $2,044.92, for which sum let execution issue. Alberto Victor Batista is also ordered to provide restitution in the amount of $2000 to the client discussed in count I of the Bar's complaint.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.
NOTES
[1] As concerns count III, the Bar alleged only that Batista failed to respond to the Bar and the grievance committee. Neither Batista nor the Bar disputes the referee's findings in this regard; therefore, we approve the referee's recommendation that Batista be found guilty of violating Rule Regulating the Florida Bar 4-8.4(g) (failure to respond to Bar inquiry).
[2] In considering discipline, the referee also took into consideration certain instances of "troubling" behavior on Batista's part. The referee noted that Batista tended to blame his problems on everyone but himself, and instead of concentrating on responding to the charges against him, he had chosen to attack his accusers and counsel for the Bar.